DAVIES *v.* ROBINSON.

Opinion delivered April 9, 1898.

| 65 | 219 |
| d86 | 279 |

1.  RECOVERY OF TAX LANDS—COSTS.—Where a plaintiff brings suit to recover land which has been sold for taxes, and recovers, but fails to make the affidavit required by Sand. & H. Dig., ¿ 2595, the rule as to the awarding of costs is as follows:  All costs which were incident to the maintenance of plaintiff's suit for possession should follow the judgment for possession, and go against defendant; and all costs which were incident to the judgment in favor of defendant for taxes, improvements, etc., should be adjudged against plaintiff.  (Page 221.)

2.  ·UNNECESSARY COSTS—DISALLOWANCE.—The circuit court may exercise its discretion in determining whether costs incurred by either party are unreasonable or unnecessary, and its judgment thereon will not be disturbed on appeal, unless there has been a manifest abuse of such discretion.  (Page 221.)

Appeal from Drew circuit Court.

MARCUS L. HAWKINS, Judge.

*John C. Connerly*, for appellants.

In courts of law the costs must follow the judgment. Sand. & H. Dig., chap. 31, § 787.

*William B. Street*, for appellee.

The statute regulating costs applies only to "reasonable and necessary" costs, and it is within the sound discretion of the court to refuse to allow to the prevailing party costs which he has caused to accumulate unnecessarily.  17 Ark. 361.  The "final judgment," contemplated by § 788, Sand. & H. Dig., was in this case the adjudication as to taxes, improvements, costs and interest, as provided for in § 2597, *ib*.  These matters arise under the cross-complaint (in which the defendant becomes plaintiff), and hence are properly assessed against the plaintiff.

WOOD, J.   This suit was ejectment for a tract of land in Chicot county.   The defendant set up possession of the land by virtue of a donation deed, and set up by way of cross-com-

plaint a claim for improvements and taxes. A change of venue was taken at the instance of plaintiffs to the Drew circuit court, where judgment was rendered awarding possession of the land in controversy to the plaintiffs, and also a personal judgment in favor of defendant against plaintiffs in the sum of $245, for improvements and taxes, and for all costs. The plaintiffs filed a motion to retax the costs, which was overruled. This appeal is from the judgment awarding all costs in the action against plaintiffs.

Section 787, Sand. & H. Dig., is as follows: "If the plaintiff recover judgment, he shall have judgment for costs against the defendant." Section 788: "If the plaintiff shall be non-suited, or discontinue his action after the appearance of the defendant, or final judgment shall go against him, then the defendant shall have judgment for costs against the plaintiff." This is the general statute in reference to the costs in suits, passed December 21, 1850. In 1857 an act was passed entitled "An act to quiet land titles in this state." This act appears at page 695, Sand. & H. Dig. Section 2595 is as follows: "No person shall maintain an action for the recovery of any lands, or for the possession thereof, against any person who may hold such land by virtue of a purchase thereof at a sale by the collector, or commissioner of state lands, for the nonpayment of taxes, or who may have purchased the same from the state by virtue of any act providing for the sale of land forfeited to the state for the non-payment of taxes, or who may hold such lands under a donation deed from the state, unless the person so claiming such lands shall, before the issuing of any writ, file * * * an affidavit that such claimant hath tendered * * * the amount of taxes and costs first paid for such lands, with interest, * * * and the amount of taxes paid thereon by the purchaser subsequent to the sale, * * * and the value of all improvements made on such lands by the purchaser, * * * and that the same hath been refused, etc."

Section 2596 regulates the proceedings if the affidavit of tender is not made before suit commenced.

And section 2597 regulates the proceedings in the rendition of the judgments, and reads as follows:

"If judgment shall be given against any such person, or his assigns, who hold any such lands, in favor of any person claiming the same, no matter by what manner of title, said judgment shall only be for the possession of the premises in question; and damages shall be assessed in favor of said defendant for the amount of all taxes, costs and interest hereinbefore provided for, together with the value of all improvements made thereon after the expiration of the period allowed for the redemption of lands sold for taxes, for which judgment shall be entered in favor of said defendant, and the same shall be a lien upon such lands until satisfied."

Construing this latter act in connection with the general law upon the question of costs, *supra*, we are of the opinion that the costs in this case should have been adjudged as follows: All costs which accrued and were necessarily incident to the maintenance of the plaintiff's suit for the possession of the land in controversy should follow the judgment for possession, and go against the defendant. And all costs which accrued and were incident to the judgment in favor of defendant for taxes, improvements, etc., should be adjudged against plaintiffs. In other words, the court, in the adjustment of costs in a case like this, should, so far as practicable, treat the complaint and the answer thereto, which raise the issue as to the title and right to the possession, as an independent suit, and likewise the cross-complaint for taxes, improvements, etc., and award the costs as they would have accrued had the cases proceeded independently. In this view of the case, the general act and the special act, *supra*, may stand together. It was not intended that the special act, in cases coming under it, should repeal the provisions of the general law on the subject of costs, even in these cases. The judgment in favor of appellants for possession is a final judgment on that branch of the suit, and the judgment in favor of appellee for taxes and improvements is a final judgment, as joined in that issue.

Of course, the court should not allow to appellants or appellee on either branch of the case costs which either of them has caused unnecessarily and unreasonably to accumulate in the prosecution of the respective issues which they sought to maintain. The circuit court may exercise its discretion in determin-

ing what has been unnecessary or unreasonable cost caused by either party, and its judgment in the premises will not be disturbed by this court, unless there has been very manifest error and abuse of power.    *Meadows* v. *Rogers*, 17 Ark. 361.

Reversed and remanded, with directions to the circuit court to retax the costs in a manner not inconsistent with this opinion.