McKewen *v.* St. Louis, Iron Mountain & Southern Railway Company.

Opinion delivered December 20, 1909.

1. Witnesses—mileage.—A witness who attends court is entitled to mileage, though he lives 30 or more miles from the place where the court sits, even though no order of court was obtained requiring his attendance. (Page 532.)

2. Costs—discretion.—While the taxation of costs is a matter within the discretion of the trial court, a judgment of the court with reference thereto will be reversed on appeal where it appears that such judgment was based upon an erroneous view of the law. (Page 534.)

Appeal from Desha Circuit Court; *Antonio B. Grace,* Judge; reversed.

*Joseph T. Robinson* and *Rascoe & Botts,* for appellant.

Kirby's Dig., § 3156, providing that the deposition of a witness who lives more than thirty miles from the place of trial and in an adjoining county *may* be used is only permissive; and if such witness actually attends the trial in obedience to a subpœna, he is entitled to his mileage. 18 Ind. 32; 29 Ind. 426; 51 Mo. 532; 103 Ala. 542; 96 Ia. 202.

*Kinsworthy & Rhoton* and *Jas. H. Stevenson,* for appellee.

The deposition of such witnesses may be used. Kirby's Dig., § 3156. And in such cases they shall not be required to attend the trial. *Id.* § 3158. The matter was entirely within the sound discretion of the trial court. 17 Ark. 361; 65 Ark. 219.

FRAUENTHAL, J.  This is an appeal from the judgment of the Desha Circuit Court upon an application made by the defendant to have the costs retaxed in a cause tried in that court wherein the appellants were the plaintiffs and the appellee was defendant.  On March 31, 1908, the plaintiffs instituted suit in the above court against the defendant for the recovery of the value of certain personal property which had been lost or destroyed while in the possession of the defendant as a common carrier.  Upon a trial of that cause, a verdict and judgment was rendered in favor of the plaintiff and against the defendant for the value of the property and for all costs of the case.  Sometime prior to the day set for the trial of said case in the Desha Circuit Court, the clerk of that court, at the instance of the plaintiffs, issued a subpœna for Fred McCarty, Pete Douglas, Pete Wolf and Jack Douglas, to appear as witnesses in that case.  The above witnesses resided in Arkansas County, which adjoins said Desha County, and more than thirty miles from the place where the circuit court sits in said latter county.  The subpœna was duly served upon said witnesses in Arkansas County, and in obedience thereto those witnesses appeared in said Desha Circuit Court on the day of the trial of said cause.  At the same term of said court the said witnesses proved up their attendance and the number of miles they had traveled in consequence of the summons. The clerk of the court taxed the amount of the attendance and mileage of each witness as costs arising in said cause, and gave to each witness a certificate thereof.

At the following term of said circuit court the defendant by written motion made application to retax the costs in said case, and asked that the mileage claimed by said witnesses be disallowed.  The grounds for the application to retax said costs are set out in the motion as follows:

"Defendant states that the case was disposed of on the day it was set for trial, and that no one of said witnesses was subpœnaed, and no order of the court was obtained requiring his attendance, and that all said witnesses came from a distance of more than thirty miles.  That said witnesses are entitled to $1.50 each as witness fees, which amount the defendant is ready and willing to pay."

It appears that the witnesses were actually subpœnaed in Arkansas County, where they resided, as above set forth; and the only ground set out in said motion for the disallowance of said mileage, which is sustained by the evidence, is that the witnesses resided more than thirty miles from the place where the court in which the action was pending did sit; and no order of court was obtained requiring their attendance.

Upon the hearing the court sustained the motion to retax the costs, and disallowed the mileage of said witnesses, and adjudged that the same be stricken from the fee bill. From that judgment this appeal is prosecuted.

The question involved in this case is whether or not the mileage of a witness should be taxed as a part of the costs of the case where such witness resides thirty or more miles from the place where the court sits in which the action is pending, and in an adjoining county, if he actually attends in obedience to a subpœna but under no order of court for his personal attendance.

It is provided by section 3157, of Kirby's Digest, that the deposition of the witness may be used in the trial of all issues where "the witness resides thirty or more miles from the place where the court sits in which the action is pending, unless the witness is in attendance on the court." By section 3158 of Kirby's Digest it is provided that: "A witness shall not be compelled to attend in court for oral examination where his deposition may be used, unless he has failed when duly summoned to appear and give his deposition." And by section 3159, Kirby's Digest, it is provided: "Where it is made to appear by the affidavit of the party, and the written statement of his attorney, that the testimony of a witness is important, and that the just and proper effect of his testimony cannot in a reasonable degree be obtained without oral examination before the jury, the court may, at its discretion, order the personal attendance of the witness to be compelled, although such witness may otherwise be exempt from personal attendance by law."

It is claimed that by reason of the above provisions of the statutes the witnesses in this case were not entitled to mileage because they attended the trial without an order of court for their personal attendance. But we are of the opinion that the above provisions are for the benefit and protection of the wit-

ness, and deny to the party a right to compel the personal attendance of the witness without an order of the court when he resides thirty or more miles from the place where the court sits. The witness may waive that privilege.

The statute only provides that the witness shall not be compelled to attend at the place of trial if he resides thirty or more miles therefrom. It does not provide that in such event the witness should or shall not attend the court, but forbids only the compulsion of his attendance. From this it would appear that the witness may attend in obedience to the subpoena if he desires to do so. If, then, he does waive this privilege, and does obey the subpœna, and does attend the court, he should receive the mileage and fee which the statute prescribes, unless his personal attendance was unnecessary or for other reasons it would be unreasonable to allow same.

The party desiring the attendance of the witness may under certain circumstances obtain an order of court compelling the attendance of the witness. In such event it is conceded that his mileage is a just part of the costs. But the only reason why the attendance of the witness is compelled by order of the court is because the witness himself refuses to attend. If he waives his privilege and is willing to attend, there would be no necessity of obtaining the order compelling his attendance.

The statute does not require that the deposition must be taken, and that the testimony of the witness cannot be taken by oral examination at the trial of the case. On the contrary, the statute provides that if the witness is in attendance on the court his deposition should not be used, although he resides thirty or more miles from the place where the court sits.

By the code of Iowa it is provided that witnesses in civil cases cannot be compelled to attend district court at a place more than seventy miles from the place of their residence. It was held by the Supreme Court of that State that said statute was for the benefit of the witness; and that the witness could waive the exception, obey the process, and that his traveling fee should be taxed for the actual travel. *Briggs* v. *Rumely Co.*, 96 Iowa, 202.

In the case of *Alabama Midland Ry. Co.* v. *Rushing*, 103 Ala. 542, it is said (quoting from syllabus): "While under the provisions of the statute when a witness resides more than 100

miles from the place of trial his evidence may be taken by deposition, the statute does not require that the evidence must be so taken; and if a witness residing in the State more than 100 miles from the place of the trial attends the trial in obedience to a subpoena, he is entitled to his mileage and *per diem.*" See also *Parsons Band Cutter* v. *Sciscoe,* 129 Iowa 631; *McGlauflin* v. *Wormser,* 28 Mont. 177; *Spencer* v. *Peterson,* 41 Oregon, 257; *Alexander* v. *Harrison* (Ind.) 28 N. E. 119; *Anderson* v. *Bach Sheep Co.,* 12 Idaho, 418.

And so we are of the opinion that, although the deposition of the witness who resides thirty or more miles from the place of trial may be used upon such trial, this does not deprive him of his mileage and *per diem,* if he attends the court in obedience to the process of subpœna for oral examination. Section 3523 of Kirby's Digest seems to have provided mileage for the witness under such circumstances. That section is as follows: "A witness subpœnaed to attend without the limits of the county within which he resides shall receive five cents per mile going and coming from and returning to his residence by the most direct route."

It does not provide, as a requisite to obtaining mileage, that the witness must first be compelled to attend by order of the court. In this case it is further shown that the witnesses resided in a county adjoining Desha County, in which the trial was had, and they were subpœnaed more than three days before the time of the trial. Section 3119, of Kirby's Digest, provides: "A witness shall not be obliged to attend for examination in the trial of a civil action, except in the county of his residence or an adjoining county; nor to attend to give his deposition out of the county where he resides or where he may be when the subpœna is served on him, requiring his attendance within three days."

We are therefore of the opinion that the court was in error in its view of the law that the witnesses were not entitled to mileage solely because they resided more than thirty miles from the place where the trial was held and attended without an order of court requiring their attendance.

It is contended that in the disallowance of the mileage the court has only acted in the exercise of its discretion, and unless that discretion has been abused its judgment should not be

disturbed. It is true that it is within the power of the circuit court within its sound discretion to disallow such costs which tne court finds have been unreasonably and unnecessarily accumulated. Upon appeal this court will not, in reviewing taxation of costs, overrule the circuit court unless its judgment has been made under an erroneous view of the law or a manifest abuse of power. *Meadows* v. *Rogers,* 17 Ark. 361 ; *Davies* v. *Robinson,* 65 Ark. 219.

With the exercise of the discretion of the court in the matter of retaxation of costs this court will not interfere. But where the judgment of the court is based upon an erroneous view of the law, it is the duty of this court to correct that error. *Morris* v. *Wheeler,* 45 N. Y. 708.

In the case at bar the court did not disallow the items of mileage of these witnesses upon the ground that the attendance of the witnesses was unnecessary, or because they attended the trial for the purpose of increasing the costs, or because under the circumstances the oral examination of the witnesses was not necessary to obtain the proper effect of their testimony, or because it was unreasonable to allow the mileage ; and its judgment is not based upon any allegation to the above effect in the application to retax the costs, and the judgment is not attempted to be sustained by any evidence of that character. But the court disallowed the mileage solely upon the ground set out in the application to retax the cost, and that ground was that under the provisions of the statute the witnesses were not entitled to mileage because they resided more than thirty miles from the place of trial and attended the trial without an order of court being obtained requiring such attendance. Its judgment was therefore based upon an erroneous view of the law.

For the error indicated the judgment is reversed, and this cause is remanded with directions to overrule the motion to retax the cost.

HART, J. I dissent in this case. In the case of *Russell* v. *Ashley,* Hempstead's Rep. 549, the court, in passing upon a similar statute, said: "Indeed, a witness residing more than one hundred miles from the place of trial is beyond the coercive power of a subpoena. The party may take his deposition, but cannot compel him to attend at court and give oral testimony. This has

been expressly held by the Supreme Court of the United States, in the case of the *Patapsco Insurance Company v. Southgate,* 5 Peters, 615. The party desiring his testimony has no right to issue a subpœna to coerce his attendance, and, if he does, he must pay the costs incident thereto, and not throw them upon the other party."

In the present case the witnesses were not compelled to obey the subpœna, and their attendance upon the court was voluntary. The rule is so firmly established in this State that statutes regulating costs are strictly construed against the party claiming them as to render a citation of authorities unnecessary. The decisions of the courts of other States which have passed upon similar statutes are in hopeless conflict. Most of the decisions on the question are collected in a note in 10 Am. & Eng. Ann. Cas. 397. They appear to be about equally divided in numbers, but we think the rule that fees should not be allowed witnesses in cases where the subpœna does not amount to compulsory process and where the witnesses may disregard it is more in accord with our previous decisions upon the allowance of costs and fees, and is a protection to the parties to the suit against unnecessary and vexatious costs.

This construction works no hardship upon the witnesses because their attendance has been voluntary, and not in obedience to the order of the court. It works no injustice upon the parties to the suit, for we have a statute which provides that where it is made to appear that the testimony of a witness is important and that the just and proper effect of his testimony cannot, in a reasonable degree, be obtained without oral examination before the jury, the court may, at its discretion, order the personal attendance of the witnesses to be compelled although such witness may otherwise be exempt from personal attendance by law. Kirby's Digest, § 3159.

Mr. Justice BATTLE concurs.