MITCHELL *v.* EAGLE.

4-7969 198 S. W. 2d 70

Opinion delivered December 9, 1946.

888

*Virgil R. Moncrief* and *John W. Moncrief*, for appellee and cross-appellant.

GRIFFIN SMITH, Chief Justice. D. F. and L. R. Mitchell are brothers. They own large tracts of land near Sherrill, in Jefferson County, operate a commissary, and engage in other plantation activities. Pat Eagle is ordinarily a renter. In 1943 he arranged, through another Mitchell tenant, to farm certain lands, the landlords having approved. The deal involved acquisition of a team of mules and harness, in consequence of which a book charge of $480 was entered against Eagle. The mules were in possession of Sam Bates, who had rented a "larger" place from the Mitchells, and who in turn dealt with Eagle.

Before crops were harvested Eagle procured employment and moved away, taking the mules, harness, etc., to Arkansas County. October 18, 1943, an action in replevin was filed. The Mitchells asserted value of the property taken to be $585, and asked $100 to compensate damage for detention. Shortly thereafter Eagle answered and cross-complained. He alleged the Mitchells had wrongfully caused his arrest on a charge of grand larceny, and that he had been taken to Pine Bluff and kept in jail several hours. Release was on bail, but another warrant was issued, arrest made, and the prisoner again placed in jail.

This conduct, it was asserted in the amended answer and cross-complaint filed January 1, 1944, constituted

an abuse of judicial process, and was intended to coerce Eagle into surrendering the mules. Criminal charges were ultimately dismissed. The prayer was for $2,000 compensation and exemplary damages in an equal sum.

There were numerous trial delays, with final hearing February 21, 1946. The jury found that the Mitchells owned the mules, and awarded possession, or $480. But at the same time there was a finding in Eagle's favor for $880 on his cross-complaint. The judgment shows that Eagle, in open Court, agreed to deliver the mules at a designated place the following day, and the Mitchells acquiesced.

There is this provision in the judgment:

"The parties present the question of costs, plaintiffs contending that [they] should pay only the costs made or caused to be made by them; and defendant contending that all costs should be adjudged against plaintiffs, and the Court sustains the contentions of plaintiffs. . . . ."

* * * *

May 9, 1946, plaintiffs below (the Mitchells) filed with this Court a certified copy of the judgment and were granted an appeal. Certiorari directed that the full record be brought up. The Circuit Clerk for Arkansas County made his return, *prima facie*, May 29th. However, this Court's records show it was received with the record (exclusive of the bill of exceptions) June 12. When appellants failed to file a bill of exceptions, Eagle prayed a cross-appeal. It was granted Oct. 7; and November 27 he moved for affirmance of that part of the judgment awarding $880. In the meantime—but more than six months and thirty days after judgment—a bill of exceptions was tendered. The motion of November 27th is, in effect, a prayer that the jury's verdict awarding the mules and harness to appellants be reversed, and that Eagle recover all costs.

Rule Five of this Court, entitled "Writs of Certiorari," was adopted for the aid of litigants who because of unusual circumstances were unable to expeditiously

transmit necessary appeal records. Subdivision (b) directs that the Clerk's return shall be within twenty days. There is an additional provision (c) for a second writ:—"if the omitted portion be the bill of exceptions or transcribed oral testimony, appellant may obtain issuance of a second writ." This provision follows: (d) "Limitation for Filing.—In no event will transcribed testimony, *filed more than thirty days after the time limited for appeal,* be permitted to become a part of the record." The italicized matter in this opinion is printed in blackface type in the rule.

The right given an appellant to apply for *certiorari* for the purpose of supplying missing matter may be invoked by a cross-appellant. In the instant case Eagle did not seek such aid. Instead, when the bill of exceptions became available, (judicial approval is dated April 18, 1946) an amended certificate was procured from the Circuit Clerk, who subscribes to its execution as of August 27.

It thus appears that from April 18 until a period subsequent to six months and thirty days after judgment was rendered, an unfiled bill of exceptions was outstanding.

It would be difficult to select language more direct than that contained in Rule Five (d). Its meaning is not subject to construction; there is nothing ambiguous, uncertain, or involved in the phrasing. In short, *testimony filed more than thirty days after the time limited for appeal is not a part of the transcript.*

The final question is, Does error appear upon the face of the record? The judgment recites that the parties "present to the Court" the questions involved in taxing costs. Without a bill of exceptions it must be presumed testimony was heard regarding the issue; or, in the absence of specific evidence on that point, that the Court considered the necessary and unnecessary charges. Pope's Digest, § 2354, provided that when there are several causes of action in a complaint, and any shall be adjudged insufficient, or a verdict on any issue

joined thereon is for the defendant, costs' shall be awarded at the discretion of the Court. The section is from Ch. 34, § 17, Revised Statutes; and while some of the words in Pope's Digest and in the Revised Statutes are different, effect is not destroyed.

In *Davies* v. *Robinson,* 65 Ark. 219, 45 S. W. 471, it was held that Circuit Court may exercise its discretion in determining whether costs incurred by either party are unreasonable or unnecessary. The case was distinguished in *Williams* v. *Buchanan,* 86 Ark. 259, 110 S. W. 1024. Reference to the Davies case will be found at page 279, effect being that the preceding decision was authority for the Circuit Court's right to disallow unreasonable or unnecessary costs. Again, (*McKewen* v. *St. Louis, Iron Mountain & Southern Railway Company,* 93 Ark. 530, 124 S. W. 506) the holding was that although taxation of costs is within the Circuit Court's discretion, a judgment for such based upon an erroneous conception of the law will be reversed.

Because a bill of exceptions cannot, under Rule Five, be considered if tendered more than six months and thirty days after the lower Court, by judgment or decree, has finally made an appealable order, it follows that the judgments must be affirmed, both on appeal and cross-appeal.