PRESCOTT ARKANSAS TELEPHONE CORP. v. MCFARLAND.

4-9257                                           233 S. W. 2d 70

Opinion delivered October 16, 1950.

732

*Bailey & Warren* and *Walls Trimble,* for appellant.

*W. J. Dungan* and *Dennis W. Horton,* for appellee.

DUNAWAY, J. Appellee, Gladys McFarland, recovered judgment against appellant, Prescott Arkansas Telephone Corporation, in the amount of $2,398.40, together with interest, costs and attorney's fees. Suit was brought under provisions of the "Fair Labor Standards Act," 29 U. S. C. A., § 206-207, seeking recovery of amounts allegedly due on account of unpaid minimum wages and overtime pay to which plaintiff claimed she was entitled.

Appellant denied that appellee was entitled to minimum wages and overtime pay as provided by the "Fair Labor Standards Act," for the reason that plaintiff was a switchboard operator in a telephone exchange of less than 500 stations and her employment was thus exempted from application of the Act by 29 U. S. C. A., § 213 (a) (11). The defendant company further denied that twenty per cent or a substantial part of plaintiff's working time was spent in performing administrative and clerical duties other than those of a telephone operator, as alleged by the plaintiff and which, if proved, would entitle her

to the benefits of the Act, even if the telephone exchange in question was one of less than 500 stations.

After hearing oral testimony, the Chancellor found that the court had jurisdiction of the parties and the subject matter in the cause; and further found that the plaintiff worked a substantial part of her time in a clerical capacity in addition to performing the duties of a telephone operator. The court found that the defendant was indebted to the plaintiff for unpaid minimum wages and unpaid overtime compensation in the amount of $1,199.20, and for a like amount as liquidated damages.

On this appeal appellee has raised the question that the oral evidence heard by the Chancellor was not properly preserved, in that it was not approved and filed as a bill of exceptions within the time fixed by the court, and consequently cannot be considered as a part of the record.

The cause was heard on November 15, 1949, and judgment was rendered on that date. No formal decree was entered until January 9, 1950, when a decree *nunc pro tunc* was entered as of November 15, 1949. By the terms of that decree appellant was given 120 days in which to file a bill of exceptions. A new term of the Woodruff Chancery Court began on January 9, 1950.

As pointed out in the recent case of *Johnson* v. *United States Gypsum Company, ante,* p. 264, 229 S. W. 2d 671, the practice in each Chancery district as to the preservation of oral testimony is governed by special statute. Act 269 of the Acts of 1949 is controlling as to the Fifth Chancery District, from which this appeal originates.

In the *Johnson* case, *supra,* we construed Act 269 of 1949 and held that approval of the stenographer's transcribed notes by the Chancellor is a prerequisite to treating such transcription as a bill of exceptions or as depositions. In § 3 of Act 269 it is provided that ". . . such approval must be given during the term or within the time fixed for such approval by the court." In the *Johnson* case the court, at the beginning of the trial,

directed the reporter to take down the testimony, transcribe it, and file it as depositions; and the decree contained a recital that when the transcribed testimony had been filed under the certificate of the official court reporter, it should become a part of the record in the case. We held this a sufficient reservation of power for the Chancellor to approve the testimony after expiration of the term.

In the case at bar, however, there was no such reservation of power. In fact the record reflects an affirmative statement by the Chancellor that no such order as was present in the *Johnson* case was made in the instant case. The decree appealed from fixed 120 days as the time within which the bill of exceptions must be filed. This time ran from the date of the final decree, November 15, 1949, and not from the date of the *nunc pro tunc* order. *Engles* v. *Oklahoma Oil & Gas Co.*, 163 Ark. 270, 259 S. W. 749. The time for obtaining the Chancellor's approval was fixed by the terms of the decree, and there was no reservation of power to approve the testimony after expiration of the term of court. The time allowed had expired before the transcript was presented to the Chancellor. Under the provisions of Act 269 we have no alternative but to sustain the appellee's motion to strike the transcribed oral testimony filed herein.

This evidence therefore cannot be considered and we may examine only the face of the record in reviewing the decree of the court below. No error appearing, the decree is affirmed.