DIXON *v.* DIXON.

4-9726                                        249 S. W. 2d 840

Opinion delivered June 9, 1952.

Rehearing denied July 7, 1952.

R. W. *Tucker* and *Abe L. Roberts,* for appellant.

*Fred M. Pickens, Jr.,* for appellee.

*Per Curiam:* This is a contest between brothers over the control and management of the estate of their insane and now deceased sister.

In December, 1928, Maude Dixon, sister of appellee Hugh Dixon and appellants Clyde Dixon and Harry P. Dixon, was committed to the Arkansas State Hospital for Nervous Diseases where she remained a patient until her death in 1951. This appeal is from separate judgments of the probate court dated December 8, 1950, and April 19, 1951. Under the last judgment appellee P. L. Copeland was appointed guardian of Maude Dixon to succeed appellee Hugh Dixon whose resignation was accepted on the same date.

On October 19, 1951, appellants filed in this court certified copies of the two judgments as a partial transcript and *certiorari* was issued for the completed record. The writ was returned uncompleted on November 8, 1951, by the Izard Probate Clerk at the request of appellants who had initiated the proceedings as next friends of Maude Dixon. A second writ was issued January 8, 1952, on appellants' petition as heirs at law of Maude Dixon, who died intestate October 24, 1951. The completed record was not filed in this court until February 18, 1952.

Appellees' motion to dismiss the appeal and affirm the judgments, filed prior to the issuance of the second writ, was then denied and final adjudication thereon was deferred until submission of the cause upon its merits. Appellees now renew their motion to dismiss the appeal and affirm the judgments and also move to strike the transcribed testimony lodged with the completed record.

Although the first judgment appealed from is dated December 8, 1950, its recitals show a further hearing on December 15, 1950, at which time judgment was entered

declaring void an order and a docket entry previously made in the cause, surcharging the guardian's account of appellee Hugh Dixon with the sum of $651.24, refusing to declare his original appointment as guardian void and passing that question for further hearing.

The second judgment rendered April 19, 1951, recites that a vacancy existed in the guardianship due to the resignation of appellee Hugh Dixon; that each side had suggested an individual to fill said vacancy; and that appellee P. L. Copeland was better qualified for the place. The judgment also ordered Copeland's appointment as guardian in succession after hearing testimony in behalf of both parties. It also recites that the question as to whether Hugh Dixon should have been acting as guardian from 1935 until his resignation was moot and that the court had inferentially ruled thereon by accepting the resignation of Hugh Dixon. Both judgments show an appeal prayed and granted by appellants.

In support of their motions, appellees rely on Ark. Stats., § 27-2106[1] and Rule 5 of this court. The statute provides that no appeal or writ of error shall be granted, except within six months next after rendition of the judgment sought to be reviewed, unless the party appealing therefrom is an infant or of unsound mind at the time of the rendition of said judgment in which cases an appeal may be granted to such parties, or their legal representatives, within six months after the removal of said parties' disabilities or their death.

Rule 5 of this court provides that jurisdiction on appeal may be conferred by filing a certified copy of the judgment within the time limited by statute for appeal. It further provides that the record brought up by a second writ of *certiorari* to supply transcribed testimony may be stricken upon showing of a lack of· diligence on the part of appellant and that in no event shall such transcribed testimony filed more than thirty days after

---

[1] This statute was amended by Act 213 of 1951, but there is no plea or showing of unavoidable casualty or other meritorious cause as a basis for extension of time for filing transcribed testimony under the amended Act.

the time limited for appeal be permitted to become a part of the record.

Appellants' time for filing the judgment rendered December 15, 1950, as a partial transcript expired on June 15, 1951, which was more than four months prior to the filing of said partial transcript on October 15, 1951. Although appellants proceeded as next friends of Maude Dixon, we think the record sufficiently reflects that appellee Hugh Dixon was the legal representative of said ward within the meaning of § 27-2106, *supra*. We have uniformly held that appeals must be taken within six months after rendition of the judgment and that this statutory requirement is jurisdictional. *Feild* v. *Waters*, 148 Ark. 325, 229 S. W. 735; *Bank of El Paso* v. *Neal*, 181 Ark. 788, 27 S. W. 2d 1024; *Hogan* v. *Bright*, 214 Ark. 691, 218 S. W. 2d 80. Since the appeal from the judgment of December 15, 1950, was not taken within time, it is subject to dismissal.

The partial transcript relating to the second judgment rendered April 15, 1951, was filed on the last day of the six-months appeal period. The transcribed testimony upon which both judgments were rendered was not filed until February 18, 1952, which was more than thirty days after the time limited for appeal and cannot be permitted to become a part of the record. *Mitchell* v. *Eagle,* 210 Ark. 887, 198 S. W. 2d 70. The second judgment shows that all parties were before the court and it must be assumed that the evidence adduced supports the judgment appointing appellee P. L. Copeland as guardian in succession.

Appellants contend that even if the oral testimony was not properly preserved and the appeal not taken in time, this action should be considered as one properly brought up by *certiorari* on a bill to review proceedings shown to be void upon the face of the record insofar as the guardianship appointments of appellees are concerned. The record reflects that on May 25, 1935, appellee Hugh Dixon filed in the probate court a duly verified petition for his appointment as guardian of the person and estate of his sister. The petition is marked

"Approved this 25 day of May, 1935," and signed "J. W. Hammett, County and Probate Judge", but no formal order of appointment was entered of record. On the same date a guardian's bond in the sum of $700 was executed by Hugh Dixon, as principal, and two sureties. The recorded bond is marked "Taken and approved by the Court this 25th day of May, 1935, A. D." and signed "W. E. Billingsley, Clerk." Letters of guardianship were issued and recorded by the probate clerk on the same date which recite the guardianship appointment and the approval of the bond by the court.

On March 22, 1948, appellant Clyde Dixon filed with the clerk an application for letters of guardianship of the estate of Maude Dixon. The application, bond and letters of guardianship were on the same date marked approved by the probate referee. On March 25, 1948, the probate court entered an order on the petition of appellee Hugh Dixon quashing the letters of guardianship issued to appellant Clyde Dixon and discharging the bondsmen. The order recites: "That the petitioner, Hugh Dixon was, by this Court, upon the 25th day of May, 1935, duly appointed guardian of the person and estate, that he has since said date, under bond, duly executed and approved as his guardians bond served as such guardian." There was no appeal from the order. When the record of the proceedings of the original appointment is considered in connection with this order we cannot agree that the appointment was a nullity and subject to the collateral attack now made by appellants. In *Hastings* v. *U. S. Fidelity & Guaranty Co.*, 116 Ark. 220, 172 S. W. 1016, strongly relied on by appellants there was no approval of the guardianship application by the court, as here, but an appointment by the clerk only. Even though the appointment was held void the court further held that an equitable guardianship resulted and that the guardian's bond constituted a valid obligation against his surety.

The judgments are affirmed.

WARD, J., disqualified and not participating.