BOLLS *v.* CRAIG.

4-9881                                                    251 S. W. 2d 482

Opinion delivered July 7, 1952.

Rehearing denied October 20, 1952.

J. R. Wilson and S. E. Gilliam, for appellant.

Mahony & Yocum and Walter L. Brown, for appellee.

ED. F. McFADDIN, Justice. Appellees have filed motions (1) to dismiss the appeal, and (2) to strike the Bill of Exceptions. We discuss these:

I. *Motion to Dismiss Appeal.* The appellees' theory is that the appeal to this Court was filed too late. On such point, the record shows the following:

a) That on June 18, 1951, the taking of testimony was completed in the Chancery Court, and thirty-five days allowed for briefing;

b) That on October 15, 1951, there was submitted to opposing counsel the Chancellor's "Findings of the Court". This instrument, dated as aforesaid, concluded with these words: "A decree in accordance with these findings will be signed by the Court when prepared and presented";

c) That such a decree was prepared and presented and signed by the Court; and immediately preceding the signature of the decree, there were these words: "Made and entered this October 29, 1951".

In the light of the foregoing, it is clear that the "Findings of the Court", dated October 15, 1951, did not purport to be a decree; and that the decree of the trial court was on October 29, 1951; and that the six months' time for appeal runs from the last mentioned date. See pages 75 and 76 of C. R. Stevenson's Supreme Court Procedure, Revised Edition of 1948.

On April 28, 1952, the appellant filed in this Court a certified copy of the decree of October 29, 1951, and prayed an appeal out of this Court. We hold that such appeal was within the six months allowed by law (§ 27-2106 Ark. Stats.), and that appellees' motion to dismiss the appeal should be denied.

II. *Appellees' Motion to Strike the Bill of Exceptions.* The record discloses the following facts:

a) The decree was made on October 29, 1951, and recited that the cause was heard on "the depositions filed herein and the testimony of witnesses taken *ore tenus* in open court"; and the decree concludes with the statement that the present appellant "duly excepts and her exceptions are noted of record, and she prays an appeal to the Supreme Court of Arkansas, which is hereby granted". The decree fixes no time for filing the Bill of Exceptions. So we have a case in which testimony was taken *ore tenus* and no time was fixed in the decree for filing the Bill of Exceptions.

b) The record reflects that the Bill of Exceptions was not presented to the Chancery Judge until May 16, 1952, and that it was approved by him on that date.

The question therefore—insofar as the Motion to Strike is concerned—is whether the Bill of Exceptions, approved on May 16, 1952, can become a valid portion of the record. We see no way in which the appellant can prevail against this Motion to Strike the Bill of Exceptions.

We discuss now the arguments advanced by appellant.

a) Act 139 of 1951 affords appellant no relief. That was a broad general Act, the caption of which states its

purpose to be to "make uniform throughout all Chancery Districts in the State of Arkansas the law governing the filing and provision for use on appeal of evidence filed and introduced in the Courts of the several Chancery Districts of the State of Arkansas". Section 1 of the Act has no application to the case at bar, because the testimony here involved was not taken by depositions[1] but taken *ore tenus*.

Section 3 of the Act 139 of 1951 provides that the transcribed testimony shall be filed by the reporter with the Court Clerk ". . . . not less than 20 days before the expiration of the time allowed for appeal".

Section 5 of the Act 139 says that if the proposed appellant thinks that the court reporter will not get the transcribed testimony filed within such time, then such proposed appellant may obtain a rule on the court reporter ". . . so that the evidence thereof may be had within the required time".

These sections, as well as other portions of the Act, make it obvious that one of the purposes of the said Act 139 was to require that transcribed testimony be filed with the Clerk of the trial court at least twenty days before the expiration time for appeal. We consider this time limit to be reasonable legislation,[2] and we hold that such provision—requiring filing twenty days before the expiration of the time for appeal—is mandatory.

In the case at bar, the decree was made on October 29, 1951, and thus the last day for appeal—under § 27-2106 Ark. Stats.—was April 29, 1952—six months from the date of the decree. Under the said Act 139, the transcribed testimony was required to be filed with the Clerk of the trial court not later than April 9, 1952. Such transcribed testimony was not filed until May 13, 1952,

---

[1] This case comes from the First Division of the Union Chancery Court; and at the time this case was heard, there was no standing order of the Union Chancery Court, providing that testimony taken in open court could be filed as depositions.

[2] In *O'Bannon* v. *Reagan*, 20 Ark. 181, this Court held that it had the right to declare legislation unconstitutional, the effect of which was to so limit the time for appeal as to make appeal impractical. But we hold the said Act 139 of 1951 is reasonable legislation.

so according to the clear wording of Act 139 of 1951, the transcribed testimony was filed too late to become a part of the record on appeal.

b) The appellant says that Act 213 of 1951 gives her relief against the provisions of said Act 139; so we examine the Act 213. It definitely states that in order for additional time to be awarded, there must have been ". . . a prayer for appeal . . . granted by the trial court, and supersedeas bond filed in the manner now provided by law. . . . Thus, Act 213 of 1951 affords the appellant no relief.

c) Finally, appellant argues that Rule 5 (d) of this Court gives her thirty days beyond the six months allowed by law for appeal, in which to file the transcript of testimony in the trial court. Rule 5(d) was designed for hardship cases where, through no fault of the party seeking its benefit, matter essential to the appeal had been omitted. In the case at bar it has no application, because no time for procuring the bill of exceptions was asked, and none given, before a succeeding term of court intervened. The Rule was construed in *Mitchell* v. *Eagle*, 210 Ark. 887, 198 S. W. 2d 70. It was there said that testimony filed more than thirty days after the time limited for appeal is not a part of the record. The Rule is not involved in the instant case because the right of the trial court to approve the bill of exceptions had expired long before recourse to *certiorari* was invoked. Perhaps we should have called attention to said Act 139 by express order, pointing out the conflict between Rule 5(d) and the Act—a legislative measure unquestionably intended to make the practice uniform.

Appellant cannot successfully urge that our present holding—that Act 139 of 1951 [3] is mandatory—has put her in a trap. Of course that Act—passed, as its caption indicates, to make chancery procedure uniform—supersedes previous Acts affecting chancery courts; but we point out that regardless of the passage of Act 139 of 1951, appellant would have lost on the Bill of Exceptions

[3] In Arkansas Law Review, Vol. 5, page 381, there is a review of this Act 139, as well as Act 213 of 1951.

question. This is true because Act No. 90 of 1949 (which amended Act No. 10 of 1943) limited the time in which the trial court could approve the Bill of Exceptions to "no time beyond the next succeeding term of the Court". In other words, by Act No. 90 of 1949, any power which the trial Court might have previously possessed to extend the time for filing the Bill of Exceptions was reduced, so that the trial court could not extend the time for approving the Bill of Exceptions beyond "the last day of the next succeeding term of the court" reckoned from the date of the decree. The present case comes from the First Division of the Union Chancery Court, the terms of which are fixed by Statute (§ 22-406 Ark. Stats.) to be the First Monday in March, July and November. The decree in the present cause was made on October 29, 1951, which was in the July, 1951, term of the Court. Under Act No. 90 of 1949, the power of the Chancery Court to approve the Bill of Exceptions in this cause would necessarily have expired on the last day of the November, 1951, term of the Court. Thus, when the March, 1952, term convened, the Chancery Court lost all power to approve the Bill of Exceptions in this cause; and the approval on May 16, 1952, was thus without any power. But, as previously stated, Act No. 139 of 1951 is now the governing statute in Chancery cases.

It is only fair to appellant's counsel to say that the record reflects great diligence in trying to get the court reporter to complete the transcribed testimony; but the fact remains that the court reporter did not complete the testimony so that it could be filed in the Chancery Court within the time fixed by said Act No. 139. Therefore, we reluctantly grant the Motion to Strike the Bill of Exceptions. We have at considerable detail explored every possible theory under which the Bill of Exceptions might be filed, but we find no way in which it can be done. It follows that the Bill of Exceptions is stricken; and the appellant is confined to urging now only those errors that she may claim to be apparent in the absence of the Bill of Exceptions.

Justices MILLWEE, GEORGE ROSE SMITH and WARD dissent.

Ed. F. McFADDIN, Justice, on Rehearing. The appellant says that Act No. 213 of 1951 entitles her to relief against the provisions of Act No. 139 of 1951.

The said Act No. 213 amends the law as found in § 27-2106 Ark. Stats. by adding a proviso:

"That in all cases where a prayer for appeal is granted by the trial court, and supersedeas bond filed, . . . the Supreme Court may, . . . on showing of unavoidable casualty . . . extend the time for filing a transcript or bill of exceptions . . .."

A study of this Act No. 213 shows that its purpose was to allow the Supreme Court to extend time in cases in which an appeal was prayed in the lower court and the case prosecuted under that appeal. The Act has no application to a case in which the appeal is prayed out of the Supreme Court.

Reference to the following sections in Ark. Stats. will clarify the point: Section 27-2104 recognizes that there are two methods open for appeal in civil cases: (a) prayer made for appeal in the lower court; and (b) prayer for appeal made in the Supreme Court.

Section 27-2126 says:

"Unless the appeal is granted by the inferior court, or the appellee enters his appearance in the Supreme Court, he shall be summoned actually or constructively, . . .."

Section 27-2119 says:

"An appeal or writ of error shall not stay proceedings on the judgment or order unless a supersedeas is issued."

Section 27-2122 says:

"Where the appeal is granted by the court rendering the judgment or order, and the bond is executed within thirty days thereafter, before the Clerk of such Court, the supersedeas shall be issued by such Clerk; in all

other cases it shall be issued by the Clerk of the Supreme Court.''

Section 27-2127 says:

''It shall be the duty of the appellant to file in the Clerk's office of the Supreme Court, within ninety days after the appeal or writ of error is granted, an authenticated copy of the record, otherwise his appeal or writ of error shall be dismissed; . . .''

Under the last quoted section, the person praying an appeal in the lower court has only ninety days in which to complete that appeal by filing a complete transcript. If such person had made a supersedeas bond and then could not perfect the appeal in ninety days, he might be liable on the supersedeas bond even though he had (under § 27-2106) a total of six months in which to pray an appeal out of the Supreme Court.

So the Act No. 213 was passed to enable a person who (a) prayed an appeal in the lower court and (b) made a supersedeas bond therein, to obtain additional time from the Supreme Court in which to file his bill of exceptions and transcript without losing the benefit of having prayed an appeal in the lower court. In the case at bar the appellant is proceeding under the appeal prayed out of this Court, which was just one day short of the six-months period allowed by § 27-2106. The appellant (a) is not prosecuting an appeal prayed in the lower court, and (b) made no supersedeas bond, so is not entitled to invoke the said Act No. 213.

It follows that the petition for rehearing is denied.

WARD, J., dissenting. My dissent in this case is explained as set out below.

1. The majority opinion herein, as I understand it, holds in effect the following:

(a) The only possible way appellant could hope to have her record filed in this cause was under the provisions of Rule 5(d) of this court.

(b) She cannot prevail under Rule 5(d) because that rule was superceded by Act 139 of 1951.

(c) Appellant was not misled by our Rule 5(d) because she could not have prevailed anyway because of Act 90 of 1949.

2. I agree with the majority opinion in so far as it pertains to (a) and (b) above.

3. The reasoning set forth in (c) above is falacious. The reason I say this is because Act 139 of 1951 also repeals Act 90 of 1949, as it effects chancery practice. In fact this much is conceded in the majority opinion.

Moreover the question of the applicability of said Act 90 was never raised by either party to this proceeding. This is something the court has, of its own accord, injected into the case.

4. Therefore I must conclude that appellant was, in a manner, misled by this court's failure, upon the passage of said Act 139, to notify litigants that Rule 5(d) was no longer in effect. Feeling, as I do, that this court was derelict in its duty to keep its rules abreast of the statutes and that we thereby misled appellant in this case, I think she should be allowed to have her record filed and her cause tried on its merits in this court.