MEADOWS *v.* COSTOFF.

4-9843                                    252 S. W. 2d 825

Opinion delivered December 1, 1952.

*Charles Eddy, Bob Bailey* and *Bob Bailey, Jr.,* for appellant.

*Robert J. White,* for appellee.

ED. F. McFADDIN, Justice. Appellee has filed motion to strike the bill of exceptions, as filed too late. We now deny the motion; but, because of the question presented, we are delivering this written opinion. We hold that it is unnecessary for a chancery decree to fix the time for filing the bill of exceptions since Act 139 of 1951 fixes such time.[1]

---

[1] There may be cases in which Chancery Courts desire to shorten the time from the maximum allowed by Act 139 of 1951. The power to do so is not an issue in the case now before us.

I. *Date of Decree.* Mrs. Meadows sued Costoff in the Northern District of the Logan Chancery Court. The testimony was taken *ore tenus* on May 24 and May 29, 1951; and the cause taken under advisement. On October 1, 1951, the Chancellor informed the attorneys of his decision, but left it to them to prepare a precedent for decree to be submitted to him for approval. The decree as finally prepared and signed was not filed with the Clerk until January 8, 1952. Under these circumstances, —this being a vacation decree—we hold that the decree was not effectively rendered until January 8, 1952. See *Redbud Realty Co.* v. *South,* 145 Ark. 604, 224 S. W. 964; and *Jelks* v. *Jelks,* 207 Ark. 475, 181 S. W. 2d 235.

II. *Time for Filing the Bill of Exceptions.* In the decree of January 8, 1952, no time was given for filing the bill of exceptions. The terms of the Chancery Court for the Northern District of Logan County are the second Mondays in February, June and October of each year. This decree of January 8, 1951, was rendered in the October, 1951, term, which ended on the convening of the February, 1952, term; and the bill of exceptions in this case was not approved and filed until March 24, 1952, which was a day in the next succeeding term after the decree was rendered. Under our old cases, where no time was given for filing the bill of exceptions, then the right to file the bill ended with the term in which the decree was rendered. See *Ogletree* v. *Welker,* 185 Ark. 805, 49 S. W. 2d 1054; *McGraw* v. *Berry,* 152 Ark. 452, 238 S. W. 618; and other cases on page 58 of C. R. Stevenson's Book on Supreme Court Procedure, 1948 Edition.

But there has been a consistent course of Legislative enactments and judicial opinions liberalizing the rule of the aforesaid cases. By Act No. 10 of 1943, the Legislature gave the trial judge power to extend the time for filing the bill of exceptions, declaring: ". . . this may be done by the Judge in vacation as well as in court, and may be done after as well as before the expiration of any time previously given". In *Floyd* v. *Richmond,* 211 Ark.

177, 199 S. W. 2d 754, we applied the liberalizing effects of said Act No. 10.

Then by Act No. 90 of 1949, the Legislature again sought to liberalize the rule of our previous cases by allowing the bill of exceptions to be filed ". . . but not beyond the succeeding term". The purpose of this Act was to clearly show that the end of the term had no effect on the power of the Court to approve the. bill of exceptions; and *Yahraus* v. *Continental Oil Co.*, 218 Ark. 182, 235 S. W. 2d 544, was decided under the terms of the said Act No. 90.

Still, however, there remained some uncertainties in procedural requirements, as evidenced by such cases as *Johnson* v. *U. S. Gypsum Co.*, 217 Ark. 264, 229 S. W. 2d 671; *Criner* v. *Criner*, 217 Ark. 722, 233 S. W. 2d 393; and *Prescott Corp.* v. *McFarland*, 217 Ark. 731, 233 S. W. 2d 70. So the Legislature passed Act No. 139 of 1951, which had for its purpose (as stated in the caption): "To make uniform throughout all Chancery Districts in the State of Arkansas the law governing the filing and preservation for use on appeal of evidence filed and introduced in the several Chancery Districts of the State of Arkansas".

Section 3 of said Act 139 says that ". . . a complete record of the proceedings shall be made. . . . and filed with the Clerk of the Court . . . not less than 20 days before the expiration of the time allowed for appeal". The clear purpose of the quoted language was to definitely fix a uniform time for filing of the bill of exceptions in Chancery cases. Section 4 of the Act 139 says: "The Chancellor may . . . approve and sign the record . . ."—meaning, of course, the record filed in accordance with § 3 as above mentioned. Section 4 of the Act also says:

"Upon the approval of the transcribed record, as herein provided, the same shall constitute a bill of exceptions and become a part of the record."

It is evident that the purpose of this Act No. 139 was to allow the Chancellor to approve any bill of exceptions

filed ". . . not less than 20 days before the expiration for the time allowed for appeal". This Act 139 was not to restrict the powers of extension granted by Act No. 10 of 1943 and Act No. 90 of 1949, but to make uniform all such powers as applied to Chancery cases.[2] We said in *Bolls* v. *Craig,* 220 Ark. 880, 251 S. W. 2d 482: "But, as previously stated, Act No. 139 of 1951 is now the governing statute in Chancery cases". Under that Act 139, the Chancellor had the power to approve the bill of exceptions in the case at bar on March 24, 1952, which was within the time allowed by the said Act.[3] In *Bolls* v. *Craig, supra,* just as in the case at bar, testimony was taken *ore tenus* and no time fixed by the decree for filing the bill of exceptions. But in *Bolls* v. *Craig,* the testimony was not filed until 6 months and 17 days after the decree, whereas in the case at bar the testimony was filed 2 months and 16 days after the decree, which was well within the time allowed by Act No. 139 of 1951.

Therefore, we deny the appellee's motion to strike the bill of exceptions.

---

[2] Act No. 90 still governs in Law Courts, as Act No. 139 applies only to Chancery Courts.

[3] In cases such as *Bolls* v. *Craig* and the case at bar, the time for appeal is 6 months from the decree, so that the bill of exceptions can be filed within 5 months and 10 days after the decree. But there are some cases—such as those involving improvement districts, elections, etc.—in which the time for appeal is less than 6 months.