Townson, Executor *v.* Townson.

4-9974                                    254 S. W. 2d 952

Opinion delivered February 16, 1953.

*Chas. F. Cole,* for appellant.

*W. D. Murphy, Jr.,* for appellee.

George Rose Smith, J. In this case the principal question is whether a widow, after having filed a declaration of her decision to take under her husband's will, may later change her mind and elect to renounce the will. The trial court permitted the appellee to alter her position, and by this appeal the executor asks us to reverse that decision.

The appellee's husband, J. H. Townson, died on February 12, 1951, and his will was admitted to probate. On February 15 Mrs. Townson filed with the probate clerk an instrument by which she declared that, with full knowledge of her right to a larger share in the estate, she elected to take only that property left to her by her husband's will. On August 9, 1951, Mrs. Townson filed a second pleading by which she undertook to rescind her earlier action and to renounce the will. In this pleading she asserted that her election to abide by the will was

not binding on her as a matter of law and that her signature to the first instrument had been obtained by fraud. A demurrer to this second pleading having been overruled, proof was taken on the issue of fraud. The court, without making an express finding upon the question of fraud, entered a judgment upholding the widow's right to renounce the will and claim dower.

We must, to begin with, sustain the appellee's motion to strike the bill of exceptions, for the reason that it has not been approved by the probate judge. The Probate Code provides that the procedure in the probate courts shall be the same as that in courts of equity, Ark. Stats. 1947, § 62-2004 (e), and under this provision we have held that a chancery statute enacted after the adoption of the Code is applicable in probate cases. *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225. Hence it was essential that the bill of exceptions be approved within the time allowed by Act 139 of 1951, Ark. Stats., § 27-1758. *Meadows* v. *Costoff, ante,* p. 273, 252 S. W. 2d 825.

In the absence of a bill of exceptions we are limited to the consideration of errors appearing on the face of the record, but the principal question in the case so appears. By demurrer to the widow's second pleading the executor challenged her right to rescind her election to take under the will, and all facts pertinent to this issue are admitted by the demurrer.

The Probate Code, while containing several sections governing a widow's privilege of renouncing her husband's will, is silent as to the legal effect of her filing an election to take under the will. We take this omission to be deliberate, since the filing of an election to take under the will is often of little consequence. That is, by taking no action at all the widow presumably expresses her satisfaction with the will; so the filing of an express statement to that effect, at least until it has been relied upon, brings about no change in her position.

We see no reason for the widow to be irrevocably bound by such an election. In the opposite situation, wherein the widow has first chosen to renounce the will,

the legislature has been liberal in permitting her to change her mind. Unless a distribution of the estate has been made in reliance upon her renunciation the widow may revoke her action at any time within the period originally allowed for her decision. Ark. Stats., § 60-506. This section is evidently designed to enable the widow to make her choice with the fullest possible information concerning the course that will be to her best interest. Since the widow is free to revoke her initial renunciation of the will, we think it plain that she is equally free to rescind her relatively unimportant decision to take under the will. There having been no distribution in reliance upon Mrs. Townson's first action the court below correctly allowed her to change her mind.

Affirmed.