PARKER *v.* PARKER.

5-1277                                                    302, S. W. 2d 533

Opinion delivered May 27, 1957.

[Rehearing denied June 24, 1957]

*D. D. Panich,* for appellant.

*Charles S. Harley,* for appellee.

ED. F. McFADDIN, Associate Justice. The decisive question in this case is, whether a divorce decree rendered in open court is effective from the date it was ac-

tually rendered, or from the date the decree was en-, tered of record.

Iva Thornton Crawford sued S. R. Crawford for divorce in the Pulaski Chancery Court. The case was No. 102787; and on August 22, 1955 there was entered a decree in that cause which stated, *inter alia:*.

"On this 9th day of August, 1955, came on for hearing the above styled cause, plaintiff appearing in person and by her solicitor, Thorp Thomas, and it appearing that due service of process by summons personally served upon the defendant for the time and in the manner prescribed by law, issued on the complaint herein, has been had in this cause; and this action having been reached upon call of the calendar is submitted to the Court for its consideration and judgment upon the complaint of the plaintiff, the answer of the defendant, and the oral testimony of the plaintiff, and that of Mrs. Nell Cartwright and Mrs. Tom Wood in her behalf; and the oral testimony of the defendant; from all of which, argument of counsel and other matters, things and proof before the Court, the Court doth find:

"That plaintiff and defendant were married on the 21st day of July, 1934 and that they lived together as husband and wife until September of 1954; that plaintiff had just cause for a dissolution of said bonds of matrimony, in that the defendant was guilty of such indignities as to render plaintiff's condition in life intolerable . . .

"It is therefore by the Court considered, adjudged and decreed that the bonds of matrimony existing between plaintiff and defendant be, and the same are hereby cancelled, set aside and held for naught; that plaintiff's maiden name of Iva Thornton be, and hereby is restored."

From the foregoing it will be observed that the cause was heard in open Court on August 9, 1955, and the decree announced although the decree was not actually entered of record until August 22, 1955. Such time lag caused the present litigation: after the Court

announced the divorce decree on August 9, 1955, the plaintiff, Iva Thornton, being advised by her attorney that she had a divorce, married Charles A. Parker on August 12, 1955.

On August 3, 1956 Charles A. Parker filed suit seeking a divorce from Iva Thornton Parker; and, although the complaint in that case is not before us, it seems that some question arose as to whether Iva Thornton Parker was a single woman on August 12, 1955 when she married Charles Alton Parker. On November 20, 1956, the Pulaski Chancery Court, after due notice, directed that the *Crawford* v. *Crawford* decree, entered on August 22, 1955, be entered *nunc pro tunc* as of August 9, 1955. From such order Charles A. Parker, as appellant, brings this appeal, seeking to have vacated the *nunc pro tunc* order of November 20, 1956. Iva Parker is the appellee.

This case might be decided on either one of several points, but we rest our opinion on the holding that the divorce decree was effective on August 9, 1955, even though the decree was not actually entered of record until August 22, 1955. This is not a case in which the cause was taken under submission by the Court and decree rendered in vacation. In such an event the decree would be effective only from the date the decree was actually entered. See § 22-433 Ark. Stats.; *Red Bud Realty Co.* v. *South,* 145 Ark. 604, 224 S. W. 964; *Jelks* v. *Jelks,* 207 Ark. 475, 181 S. W. 2d 235; *Cates* v. *Wunderlich,* 210 Ark. 724, 197 S. W. 2d 482; and *Meadows* v. *Costoff,* 221 Ark. 273, 252 S. W. 2d 825. But this is a case in which the Court heard the testimony of the witnesses *ore tenus* and rendered the decree on August 9, 1955; and the decree became effective on that date. In a long line of cases we have recognized that decrees rendered in open court are effective from the date they are *actually rendered,* and not from the date of *entry of record.* *Ex Parte Morton,* 69 Ark. 48, 60 S. W. 307; *American Mortgage Co.* v. *Williams,* 103 Ark. 484, 145 S. W. 234; *Chatfield* v. *Jarratt,* 108 Ark. 523, 158 S. W. 146; *American Investment Co.* v. *Hill,* 173 Ark. 468,

292 S. W. 675; *McConnell* v. *Bourland,* 175 Ark. 253, 299 S. W. 44. In the last cited case, we quoted from *Hollabaugh* v. *Taylor,* 134 Ark. 415, 204 S. W. 628: "A decree becomes effective from the date of its rendition and not from the date of its entry of record". We also quoted in *McConnell* v. *Bourland* from 34 C. J. 44, saying as to a judgment: "Upon its rendition, and without entry, a judgment is final, valid, and enforceable as between the parties, in the absence of any statute to the contrary, although for many purposes entry of judgment is also essential". See also 19 C. J. 185 and 27 C. J. S. 834.

In the recent case of *Norfleet* v. *Norfleet,* 223 Ark. 751, 268 S. W. 2d 387, we held that under Act No. 555 of 1953 the time for appeal commences on the entry of the judgment; but we also recognized that the effective date of the judgment was from the day it was pronounced by the Court. We said:

"Here the decree was rendered on January 9, but it was not entered until some days later. The distinction lies in the fact that the rendition of a judgment is a judicial act on the part of the court, while the entry of a judgment is a ministerial act performed by the clerk. *McConnell* v. *Bourland,* 175 Ark. 253, 299 S. W. 44."

So, in the case at bar, the divorce decree was effective on the 9th day of August, 1955; and the Court was correct when, in its order of November 20, 1956, it in effect recognized that the divorce decree was valid from the date of rendition, *i.e.,* August 9, 1955.

Affirmed.