Stottie PENDERGIST *v.* Jessie PENDERGIST

CA 79-182 · 593 S.W. 2d 502

Opinion delivered January 23, 1980.
Released for publication February 13, 1980

*E. Winton McInnis, III,* for appellant.

*Joe Peacock,* for appellee.

DAVID NEWBERN, Judge. The appellant sought a nonsuit to her divorce action. The chancellor refused to grant the nonsuit because he regarded the divorce decree as having been rendered from the bench at the divorce hearing, although he recognized that the appellant's request in her

---

. . .

divorce complaint that the court adjudicate property rights had been taken under submission as of the date of the divorce hearing. In his memorandum opinion denying the nonsuit, the chancellor held the divorce had been granted but that he could take no action with respect to the property rights of the parties because the husband-defendant had died after the property aspects of the case were submitted but before they were finally decided.

On the day of the divorce hearing, the chancellor wrote the following docket notation:

6-5-78 On oral of parties — Burl Simmons, et al. — Submitted.

On December 22, 1978, the chancellor entered a formal decree *nunc pro tunc* July 5, 1978, the date of the hearing. The decree, in addition to describing the previous rendition of the divorce, said the following with respect to the parties' property:

4. That all items of personal property held in the entireties will be governed by the statutes pertaining thereto and that all property held in the name of the Defendant only will abate as the date of his death, and the Court will make no further actions regarding such property.

The appellant asks us to decide either that she is entitled to her nonsuit or that this action abated upon the death of a party. We hold the latter.

The parties appeared at the divorce hearing on July 5, 1978. The appellant put on her testimony and corroboration. The appellee and his counsel were present, not to contest the taking of the divorce, but to protect his interest in an equitable property distribution. The chancellor's memorandum decision denying the appellant's nonsuit motion recites he had been forewarned one of the parties had a serious heart condition which was affected by emotional stress, and in view of the "unusual bitterness" between the parties, he wanted to prevent emotional outbursts in the courtroom.

The memorandum says that after the plaintiff had presented the evidence on the issue whether the marriage should be dissolved:

> The court then heard all of the evidence concerning property rights. When both parties had rested and at the suggestion of counsel the Chancellor in open court declared that the plaintiff's prayer for divorce was granted and the marriage of the parties dissolved, reserving for further consideration all other issues.
>
> . . .
>
> Upon departure of the parties, the court having already reached a determination on each and every issue, outlined to counsel what was thought and intended to be a full determination of all issues, permitting counsel, as I usually do, to vary the terms if they could by agreement make a happier solution in the final and formal decree.

We agree that when a chancellor has rendered a decree in open court the decree is effective as of that time even if not entered of record. That is the express holding in *Parker* v. *Parker,* 227 Ark. 898, 302 S.W. 2d 533 (1957). But the *Parker* case did not involve a docket notation of any kind, whereas in this case we find a docket notation inconsistent with the later finding by the chancellor that a decree had been rendered.

In the case of *McConnell* v. *Bourland,* 175 Ark. 253, 299 S.W. 44 (1927), the court reviewed authorities from several jurisdictions and reached the following holding:

> There are authorities to the contrary but we hold that when a decision has been reached, announced by the court, *and sufficient memorandum [is placed] on the chancery docket to show a final settlement of the case,* it is a final judgment, although it has not been spread in full on the record. [Emphasis added. 175 Ark. at 263]

Although in that case there had been a docket entry of the judgment the supreme court found extant, and thus the lack of one or an inconsistent entry was not the question, we are persuaded by the language quoted because it was the court's

synthesis of the cases cited at the end of a long discussion of the nature of a final judgment.

Not only are we guided by the language and holding of the *McConnell* case, *supra,* but we are persuaded by dictum in *Stickland* v. *Strickland,* 80 Ark. 451, 97 S.W. 659 (1906). There, the supreme court was presented with a case in which the trial court had rendered a divorce decree, and one party had appealed. The supreme court had taken the case under submission, but the appellee died before the appeal was decided. In the course of deciding it had the power to render its appellate decision despite the death of a party, the supreme court said:

> Of course, death terminates a divorce suit; but where property rights depend on the correctness of a divorce decree, and an appeal has been taken from it, it is the duty of the appellate court to review the decree in order to settle the property rights. [Citations] The rule is otherwise where the cause has been submitted to the trial court, and one party dies before decree. No decree can be entered after death of a party to such a suit. [80 Ark. at 452]

Were we to uphold the chancellor's *nunc pro tunc* order as the appellee asks us to here, we would be leaving the parties divorced but with no accompanying property adjudication despite the fact that the appellant had sought it in her complaint. Following the quoted statement from the *Strickland* case, we cannot now order the chancellor to enter a supplemental decree declaring the property rights of the parties. Thus, the appellant would have had part of her lawsuit decided and part left undecided. The problem is that without any decision on the property part of the suit, the parties' rights are affected in a manner not intended by them or by the court. There is nothing in the record to indicate the appellant consented to a piecemeal resolution of the case. For the court to say now the divorce was rendered and the property held by the entireties will be governed by a statute covering the property rights of divorced persons [Ark. Stat. Ann. § 34-1215 (Supp. 1979)]effectively denies the appellant an adjudication of her property rights to which she would

have been entitled under Ark. Stat. Ann. § 34-1214 (Repl. 1962), which was in effect at the time her suit was brought. That would not be a fair resolution of the case, and as stated earlier, we believe it would not be correct, as the docket indicated no final action whatever.

As the appellant points out, this problem will not occur in cases brought after July 1, 1979, because of Ark. R. Civ. P. 58 and 79 which make it clear that a judgment in a case such as this will not be effective until it has been at least entered on the court's docket.

We hold that although the appellant was not entitled to a nonsuit, this case had been taken under submission and not finally decided by the trial court when the death of a party caused the action to abate, thus the *nunc pro tunc* order is of no effect.

Reversed and dismissed.