Ruby H. SCAFF *v.* Donald C. SCAFF

CA 81-441                                     635 S.W.2d 292

Court of Appeals of Arkansas
Opinion delivered June 30, 1982

*Kenneth C. Coffelt,* for appellant.

*Paul Petty,* for appellee.

TOM GLAZE, Judge. This appeal is from a chancery court order finding appellant delinquent in payments under the terms of a Note and Mortgage to the appellee. The court further directed appellant to bring the payments current within thirty days from the date of its order, or a foreclosure would be ordered.

On appeal appellant argues three points for reversal: (1) The mortgage and note sued on constituted an unconscionable agreement, which was without valid consideration; (2) the order of the court was unresponsive to the pleadings and proof at trial; and (3) the appellee had no equity in the property and his attempt to recover $4,000 from appellant under the terms of the note was a fraud per se practiced on

the appellant. We do not reach the merits of this case because the order of the trial court is not a final order.

The Arkansas Rules of Appellate Procedure, Rule 2, sets out the requirements an order must meet to be appealable. More specifically, a judgment, decree or order must be a final order or, in some way, determine or discontinue the action. The test of finality and appealability of an order is not whether the order settles the issue as a question of law, but to be final the order must also put the court's directive into execution, ending the litigation or a separable branch of it. *Festinger* v. *Kantor*, 264 Ark. 275, 571 S.W.2d 82 (1978).

In the instant case, the chancellor refused to cancel or reform the instruments executed by the parties, and to this degree, he determined the parties' interests and rights under their agreement. He concluded that appellant failed to prove an unconscionable contract and, therefore, he upheld the validity of the contract between the parties. At the conclusion of trial, the chancellor stated, in part:

> Just reading the instruments, relying on those and the proof before the Court with a strict interpretation of the documents for the Court that these parties entered into and executed, it would appear that the Plaintiff would be entitled to a foreclosure on the Defendant's interest in the property. . . . In any event, at this time, the Court doesn't feel that the Defendant has made its burden of proof to cause this Court to find it to be an unconscionable contract. The Court is not willing to allow a foreclosure in this matter. I would allow the Defendant an opportunity to become current on the contract without granting a foreclosure.

An exchange between the chancellor and the attorneys then occurred as follows:

> MR. PETTY: You are going to postpone foreclosure for thirty days for her to comply with the alleged contract, which she sued on?
>
> THE COURT: That is correct.

MR. PETTY: And if she doesn't comply, then you are going to make foreclosure final, is that my understanding?

THE COURT: Well, that is not exactly what the Court said.

MR. COFFELT: You can't have a conditional foreclosure, as I understand it.

THE COURT: Well, I didn't order a conditional foreclosure.

MR. COFFELT: But, if it isn't a final judgment — I can't appeal unless there is a final judgment of some kind.

THE COURT: All the Court said that we were going to allow — I did not find that she is in default. I am not going to allow a foreclosure at this time.

The Court entered an order that it would later order a foreclosure in the event the delinquent payments were not brought current by the appellant.

This appeal must be dismissed for the reason that an order which merely indicates the direction a court will rule in the future is not a final, appealable order. An appeal cannot be taken from an order of a chancery court which is not a final order. Thus, the Court determined the parties' rights and obligations in this foreclosure action but failed to provide for any execution of the Court's order. Rather, the court clearly directed that further judicial action would be necessary before foreclosure and its execution would be ordered. The appellant can suffer no injury by awaiting the termination of the litigation. *Davis* v. *Hale,* 114 Ark. 426, 170 S.W.2d 99 (1914).

This appeal is dismissed.

Dismissed.