Ted COOK, Administrator of the Estate of Imogene P. MURPHY, Deceased *v.* Nina J. LOBIANCO and Marjorie L. LINK, Co-Executrixes of the Estate of M. L. (Pat) MURPHY, Deceased

CA 82-336                                      648 S.W.2d 808

Court of Appeals of Arkansas
Opinion delivered March 30, 1983

*Odom, Elliott, Lee & Martin,* by: *Don R. Elliott, Jr.,* and *Jeff Duty,* for appellant.

*Davis & Bracey, P.A.,* by: *Charles E. Davis,* for appellees.

DONALD L. CORBIN, Judge. This case had a strange turn of events. It was commenced by the filing of a complaint for divorce by M. L. (Pat) Murphy against Imogene P. Murphy. On January 6, 1982, the court entered on its chancery docket the following notation:

> 1/6/82 case called for trial — no contest on divorce — evidence by plaintiff and witness — divorce granted — parties to submit stipulation on property — bring within ten days.

On January 14, 1982, Imogene P. Murphy died. As of that date, a property stipulation agreement had not been submitted to the court nor filed. On February 16, 1982, Ted Cook, as administrator of the estate of Imogene P. Murphy, deceased, filed a petition with the chancery court alleging that her estate was entitled to one-half of all property, real and personal, acquired during the parties' marriage.

On March 11, 1982, M. L. (Pat) Murphy died. The action was revived in the name of Nina J. Lobianco and Marjorie L. Link, co-executrixes of the estate of M. L. (Pat) Murphy, deceased.

The court entered an order of dismissal in this action and found that at the time of Imogene P. Murphy's death, the parties had not submitted to the court a form of decree, and, therefore, the divorce action abated. The motion for division of property filed by Ted Cook, as administrator of the estate of Imogene P. Murphy, deceased, was denied. We affirm.

Appellant contends that upon the court making the docket notation of "divorce granted" that the divorce was final, and thereby caused the property held by the parties as an estate by the entirety or survivorship to be automatically

dissolved and the parties treated as tenants in common pursuant to Ark. Stat. Ann. § 34-1215 (Supp. 1981).

ARCP, Rule 58, provides as follows:

> Subject to the provisions of Rule 54 (b), upon a general or special verdict, or upon a decision by the court granting or denying the relief sought, the court may direct the prevailing party to promptly prepare and submit, for approval by the court and opposing counsel, a form of judgment or decree which shall then be entered as the judgment or decree of the court. The court may enter its own form of judgment or decree or may enter the form prepared by the prevailing party without the consent of opposing counsel.
>
> Every judgment or decree shall be set forth on a separate document. A judgment or decree is effective only when so set forth and entered as provided in Rule 79 (a). Entry of judgment or decree shall not be delayed for the taxing of costs.

ARCP, Rule 54 (b), provides as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

ARCP, Rule 79 (a), provides as follows:

> *Dockets.* The clerk shall keep a book known as a "civil docket" and a book known as a "chancery docket" and shall enter therein each action to which these rules are applicable. Cases shall be assigned docket numbers in the order of filing and beginning with the first case filed each year in each court, the last two digits of the current year shall be entered, followed by a hyphen and the number assigned to the case, beginning with the number "1." For further identification, the court may direct that the letters "CIV" precede the docket number for cases filed in circuit court and that the letter "E" precede the docket number for cases filed in chancery courts.
>
> All papers filed with the clerk, all process issued and returns thereon, all appearances, orders, verdicts and judgment shall be noted chronologically in the dockets and filed in the folio assigned to the action and shall be marked with its file number. These entries shall be brief, but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. The entry of an order of judgment shall show the date the entry is made. Where the right of trial by jury exists, the docket shall reflect whether such right has been waived.

In *Pendergist* v. *Pendergist,* 267 Ark. 1114, 593 S.W.2d 502 (Ark. App. 1980), a case very similar to the one at bar, the trial court had refused to grant the wife-plaintiff a nonsuit to her divorce action because he regarded the divorce decree has having been rendered from the bench at the divorce hearing. Although the wife-plaintiff had prayed in her divorce complaint for an adjudication of property rights, the chancellor had, nonetheless, taken it under submission on the hearing date. The husband-defendant had died after the property aspects of the case were submitted but before they were finally decided. On the day of the divorce hearing, the chancellor had written the following docket notation:

6-5-78 On oral of parties — Burl Simmons, et al. — Submitted.

On December 22, 1978, the chancellor had entered a formal decree nunc pro tunc July 5, 1978, the date of the hearing. The decree, in addition to describing the previous rendition of the divorce, said the following with respect to the parties' property:

> That all items of personal property held in the entireties will be governed by the statutes pertaining thereto and that all property held in the name of the Defendant only will abate as of the date of his death, and the Court will make no further actions regarding such property.

Judge David Newbern in writing for a unanimous court stated: "We hold that although the appellant was not entitled to a nonsuit, this case had been taken under submission and not finally decided by the trial court when the death of a party caused the action to abate, thus the *nunc pro tunc* order is of no effect." It was further stated: "As the appellant points out, this problem will not occur in cases brought after July 1, 1979, because of Ark. R. Civ. P. 58 and 79 which make it clear that a judgment in a case such as this will not be effective until it has been at least entered on the court's docket."

We find that in the instant case, the action abated upon the death of Imogene P. Murphy because the matter had not been fully and formally ended. The case was still under submission by virtue of the undecided property issues. Too, we go a step further, perhaps than that envisioned by *Pendergist, supra,* by additionally ruling that both a docket entry pursuant to Rule 79 (a) and a separate document setting forth a final decree pursuant to Rule 58 must be made.

ARCP, Rule 54 (b), provides that where more than one claim of relief is presented, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims upon an express determination that there is no just

reason for delay and upon an express direction for the entry of a judgment. This was not done in the instant case nor was a separate document setting forth the decree entered of record.

Affirmed.