Danny Lee MORTON *v.* Judy Karon MORTON

CA 97-418 965 S.W.2d 809

Court of Appeals of Arkansas
Divisions I and IV
Opinion delivered April 1, 1998

*Gean, Gean & Gean,* by: *Roy Gean, Jr.,* for appellant.

*Eddie N. Christian,* by: *Joe D. Byars, Jr.,* for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant filed a complaint against appellee seeking a decree of divorce. After a hearing, an order was entered granting appellant a divorce, providing for child custody and support, and dividing the bulk of the marital property. However, the chancellor held in abeyance any determination on alimony or division of appellant's military retirement. The chancellor found that appellant participated in two such retirement plans, one of which was vested and one of which was not, but that appellant could not draw benefits from both. Consequently, when the second retirement vests on June 4, 1998, appellant will need to make an election between the two plans. The chancellor reserved jurisdiction of the division of the military retirement until appellant made an election between the two plans. From that decision, comes this appeal.

For reversal, appellant contends that the chancellor erred in holding in abeyance his decision regarding the division of the military retirement until appellant elects between the two retirement plans for which he will be qualified on June 4, 1998. Appellee has filed a motion to dismiss this appeal, asserting that the chancellor's order is not final for purposes of appellate review. We grant appellee's motion and dismiss for lack of an appealable order.

 With some exceptions not applicable here, an appeal may be taken only from a final judgment or decree entered by the trial court. Ark. R. App. P.—Civ. (2)(a)(1). An order is not final and appealable merely because it settles the issue as a matter of law; to be final, the order must also put the court's directive into execution, ending the litigation or a separable branch of it. *Scaff v. Scaff*, 5 Ark. App. 300, 635 S.W.2d 292 (1982). Our supreme court has said that the amount of a final judgment must be computed, as near as may be, in dollars and cents, so as to be enforced by execution or in some other appropriate manner. *Estate of Hastings v. Planters and Stockmen Bank*, 296 Ark. 409, 757 S.W.2d 546 (1988). Furthermore, the fact that a significant issue is involved is not sufficient, in itself, for the appellate court to accept jurisdiction of an interlocutory appeal. *Scheland v. Chilldres*, 313 Ark. 165, 852 S.W.2d 791 (1993).[1]

 Finally, we note that the chancellor made no determination in the case at bar that there was no just reason for delay so as to permit an interlocutory appeal under Ark. R. Civ. P. 54(b). Rule 54(b) provides that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

---

[1] We note the dissent's argument that this case should be certified because it presents significant issues of first impression. We agree that the issues are novel and significant, and it is quite possible that the case would be certified should it return to us after a final order is entered. But in the absence of a final, appealable order, neither court has jurisdiction and there is nothing for us to certify at this time.

This rule is applicable to property-division issues in divorce cases. *Cook v. Lobianco*, 8 Ark. App. 60, 648 S.W.2d 808 (1983). Under these circumstances, the chancellor's order was not appealable, and we dismiss.

Appeal dismissed.

AREY and NEAL, JJ., agree.

JENNINGS, J., concurs.

STROUD and GRIFFEN, JJ., dissent.

JOHN E. JENNINGS, Judge, concurring. I agree with the majority that this is not a final appealable order and concur separately only to note that appellant may have had a remedy by way of mandamus. *See Toney v. White*, 31 Ark. App. 34, 787 S.W.2d 246 (1990).

JOHN F. STROUD, JR., Judge, dissenting. I dissent from the majority opinion in this case because I believe it should be certified to the Arkansas Supreme Court. Our research has not revealed a case involving facts similar to those presented in the instant case. Here, the appellant participated in two military retirement plans, one of which was vested at the time of the divorce and one of which was not. The chancellor held in abeyance his decision regarding the division of the military retirement until appellant elects one of the plans as he will not be entitled to draw benefits from both.

This case presents an issue that is of first impression, that is of substantial public interest, and that needs development of the law. Accordingly, in my opinion it should be certified to the Arkansas Supreme Court pursuant to Rule 1-2(a)17(i), (iv), and (v) of the Rules of the Supreme Court and Court of Appeals. I am authorized to state that Judge Wendell Griffen joins in this dissent.

GRIFFEN, J., agrees.