Thomas John FARRELL *v.* Olivia FARRELL

03-911 193 S.W.3d 734

Supreme Court of Arkansas
Opinion delivered September 27, 2004*

---

* BROWN, J., not participating.

Mitchell, Blackstock, Barnes, Wagoner, Ivers & Sneddon, by: Jack Wagoner, III, for appellant.

Rose Law Firm, by: Richard T. Donovon, for appellee.

Tom Glaze, Justice. This appeal arises from a divorce decree ending the marriage of Thomas and Olivia Farrell. The couple married in 1983 and have two children. Just prior to their marriage, in 1982, Olivia borrowed $25,000 from her grandparents and purchased stock in the Arkansas Writer's Project, Inc. That $25,000 loan was paid back over the next several years, including the first years of the Farrells' marriage. In time, the name of the Arkansas Writer's Project changed to the ARC Project, Inc. ("ARC"). ARC is a holding company; its subsidiaries are Arkansas Times Limited Partnership ("ATLP"), which publishes the Arkansas Times, and Arkansas Business Limited Partnership ("ABLP"), which publishes Arkansas Business. By the time of the Farrells' divorce trial, experts for both parties agreed that the stock was worth in excess of $1,000,000.

The primary issue in the divorce proceedings was whether the ARC stock was considered a marital asset or a non-marital asset, and how to divide the stock once that determination had been made. In its divorce decree, the trial court found that the stock was purchased prior to the marriage, but that the stock was paid for after the marriage using marital funds. Further, the court found that Olivia spent a substantial amount of time after the marriage working to increase the value of the stock, although she was not alone in the effort to increase the value. The court noted that Olivia's active efforts directly attributed to the increase in value of the ARC stock, but that it was difficult to determine how much of her efforts added to that value, because other individuals also worked long hours with the business and contributed to the increase of the value of the stock.

Ultimately, the court concluded that the increase in value of the non-marital stock was a marital asset, and that the fair market value of the ARC stock at the date of the marriage was zero, since the stock was paid for subsequent to the marriage using marital assets. However, at the time of trial, the court determined that the stock was valued at $144.18 per share, or $832,639.50. Taking into consideration the factors enumerated in Ark. Code Ann. § 9-12-315(a) (Repl. 2002), the court found that an equitable distribution of the asset would give 21% of the stock to Thomas, and the remaining 79% to Olivia.[1] Thus, Thomas's share of the ARC stock was $174,854.29; Olivia's share was $654,785.21.

With respect to other property issues raised during the divorce trial, the court found that Olivia should be permitted to purchase Thomas's equity in their marital home, which was valued at approximately $343,000; that the parties would have thirty days to sort out the division of personal property; that Olivia should pay Thomas $10,000 for his interest in her company, Lucid Publishing, Inc.; and that Thomas would keep his own custom-furniture business, valued at $61,250. In an amended order, entered on May 29, 2003, in response to Thomas's motion pursuant to Ark. R. Civ. P. 60 to correct an error in the court's calculations, the trial court noted that the parties had not yet divided their personal property or made arrangements for the sale of the home. As such, the court reserved jurisdiction on those issues, ordering Thomas

---

[1] The court originally awarded 19% of the ARC stock to Thomas, but, in an amended decree, the court noted that the lower percentage was based on a mistake by the court as to the value of Thomas's own business.

and Olivia to either negotiate a settlement within ninety days or present the matter to the court for a final resolution.

On appeal, Thomas argues that the trial court erred in three respects: 1) in concluding that the ARC stock was a non-marital asset; 2) in dividing the marital property unequally; and 3) in applying a minority discount to determine the value of the ARC stock. Olivia has filed a cross-appeal, in which she contends that the trial court erred when it held that the increase in the value of the ARC stock was a marital asset.

 However, we cannot reach the issues raised in this case, because the appeal is not properly before this court. Although neither party raised the issue of jurisdiction, it is well settled that it is the duty of this court to determine that it has jurisdiction. *See Ford v. Ford*, 347 Ark. 485, 65 S.W.3d 432 (2002); *Haase v. Starnes*, 337 Ark. 193, 987 S.W.2d 704 (1999). In this case, the question of jurisdiction arises because our review of the record reveals that there is no final order, as is required by Ark. R. App. P.—Civ. 2(a)(1) (2004), and Ark. R. Civ. P. 54 (2004). Rule 2(a)(1) of the Rules of Appellate Procedures limits this court's appellate review to final orders in order to avoid piecemeal litigation. *Ford*, 347 Ark. at 490, 65 S.W.3d at 435; *see also Larscheid v. Arkansas Dep't of Human Servs.*, 343 Ark. 580, 36 S.W.3d 308 (2001). Rule 54(b) of our Rules of Civil Procedure provides as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, *the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment.* In the event the court so finds, it shall execute [a] certificate, which shall appear immediately after the court's signature on the judgment, and which shall set forth the factual findings upon which the determination to enter the judgment as final is based[.]

(Emphasis added.)

 Here, it is apparent from the language of the May 29, 2003, order that the trial court has not yet entered a final, appealable order, because the court's order did not make a final disposition regarding the parties' marital home and personal prop-

erty. An order is not final when it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Norman v. Norman*, 342 Ark. 493, 30 S.W.3d 83 (2000); *Stockton v. Sentry Ins.*, 332 Ark. 417, 965 S.W.2d 762 (1998). *See also* Ark. R. Civ. P. 54(b). Even though an issue on which a court renders a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case. *Norman*, 342 Ark. at 496, 30 S.W.3d at 85-86; *Koonce v. Mitchell*, 341 Ark. 716, 19 S.W.3d 603 (2000). Rule 54(b) does provide a way to obtain a final order on fewer than all the claims or all the parties; however, where one wishes such a final order, Rule 54(b) requires the party to move the trial court for an express determination, supported by specific factual findings, that there was no just reason for delay, and for express direction for entry of judgment on the matter to be appealed. *Warren v. Kelso*, 339 Ark. 70, 3 S.W.3d 302 (1999). Our court of appeals has specifically held that Rule 54(b) is applicable to property division issues in divorce cases. *See Morton v. Morton*, 61 Ark. App. 161, 965 S.W.2d 809 (1998) (citing *Cook v. Lobianco*, 8 Ark. App. 60, 648 S.W.2d 808 (1983)).

██ Because the trial court held in abeyance its final decision regarding the division of the parties' home and personal property, the May 29, 2003, order is not a final order. As a result, this court lacks jurisdiction to consider the matter, and we therefore dismiss the appeal and cross-appeal without prejudice.