

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-1120

| | |
|---|---|
| | **Opinion Delivered** April 23, 2014 |
| THOMAS FOSTER, JR.<br>APPELLANT | APPEAL FROM THE<br>INDEPENDENCE COUNTY<br>CIRCUIT COURT |
| V. | [NO. E-93-351-1] |
| | HONORABLE TIM WEAVER, |
| KATHERINE CRAWFORD and RUBY<br>ANN CRAWFORD | JUDGE |
| APPELLEES | APPEAL DISMISSED |

**KENNETH S. HIXSON, Judge**

This case involves a property dispute between appellant Thomas Foster, Jr., and appellees Katherine Crawford and Ruby Ann Crawford. The property at issue is located in Independence County, and the litigation was initiated by Katherine Crawford. The trial court entered a "default and summary judgment" finding that the appellees owned the property and quieting title in the appellees. Mr. Foster filed a motion to set aside the default judgment, and the trial court entered an order denying the motion. Mr. Foster now appeals, arguing that the default judgment should be reversed because the case had become stale and the trial court erred in failing to dismiss the case on its own initiative pursuant to Rule 41(b) of the Arkansas Rules of Civil Procedure. We must dismiss the appeal for lack of a final appealable order.

SLIP OPINION

On July 15, 1993, Katherine Crawford filed a petition against Mr. Foster, alleging that she was the owner of certain property in Independence County. Katherine alleged that Mr. Foster had trespassed on her property and had caused damage by cutting timber and other activities. Katherine requested that Mr. Foster be enjoined from trespassing on her lands, and she also prayed for damages.

Mr. Foster filed an answer to Katherine's petition on July 23, 1993, wherein he admitted that Katherine owned the property but denied that he had trespassed or caused any damage. On May 4, 1994, Mr. Foster filed an amended answer, seeking to quiet title to a portion of the subject property on grounds of adverse possession. After that, there was no activity in the case for more than seventeen years.

On September 7, 2012, Katherine Crawford and Ruby Ann Crawford, as plaintiffs, filed an amended petition. In the amended petition, the Crawfords adopted and incorporated each of the allegations made in the original petition. The amended petition further asserted that the Crawfords were owners of additional lands not described in the original petition, and that Mr. Foster had been trespassing on those lands. Mr. Foster did not file an answer to the amended petition.

On December 27, 2012, the Crawfords propounded requests for admission to Mr. Foster's counsel. Among other things, the Crawfords requested that Mr. Foster admit that all of the property at issue was owned by the Crawfords, that Mr. Foster had not been in exclusive possession of the property for seven years, and that he had not paid real-estate taxes on the property. On March 14, 2013, the Crawfords filed a motion to deem their

2

requests for admission admitted because Mr. Foster had failed to timely answer their requests. On April 12, 2013, the trial court entered an order that deemed the Crawfords' requests for admission admitted.

The Crawfords subsequently filed a motion for summary judgment, alleging that all material facts had been admitted and that the trial court should enter a judgment quieting title to the property in them. The Crawfords also filed a motion for default judgment on the grounds that Mr. Foster had failed to file an answer to their amended petition.

On July 30, 2013, the trial court entered a "default and summary judgment" in favor of the Crawfords. In the judgment, the trial court found that the Crawfords owned the property at issue, and that Mr. Foster had no ownership interest. The trial court quieted title to the property in the Crawfords. However, the trial court did not rule on the issue of damages.

Mr. Foster timely filed a motion to set aside the default judgment, arguing, among other things, that the case should have been involuntarily dismissed by the trial court long ago pursuant to Rule 41(b), which provides:

> (b) *Involuntary dismissal.* In any case in which there has been failure of the plaintiff to comply with these rules or any order of court or in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket. A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

After a hearing, the trial court entered an order denying appellant's motion to set aside, and Mr. Foster timely appealed.

The question of whether an order is final and appealable is jurisdictional, and we are obligated to consider the issue on our own even if the parties do not raise it. *Kendall v. Golden*, 2014 Ark. App. 172. Pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1), a party may appeal from a final judgment or final decree of the circuit court. An order is not final when it adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties. *Farrell v. Farrell*, 359 Ark. 1, 193 S.W.3d 734 (2004). As a general rule, a judgment or order is not final and appealable if the issue of damages remains to be decided. *Israel v. Oskey*, 92 Ark. App. 192, 212 S.W.3d 45 (2005). In *Sevenprop Association v. Harrison*, 295 Ark. 35, 746 S.W.2d 51 (1988), our supreme court held that, in an appeal from a default judgment on liability, where there was failure to file a timely answer and the issue of damages was not yet resolved, the appeal had to be dismissed. The requirement that an order must be final and appealable is observed to avoid piecemeal litigation. *Kendall, supra*.

In this case, the "default and summary judgment" entered by the trial court quieted title to the property in the Crawfords, but it did not resolve Katherine Crawford's claim for damages against Mr. Foster. Because the order in this case did not adjudicate all the claims or rights of all the parties, we must dismiss without prejudice for lack of a final order.

Appeal dismissed.
GLADWIN, C.J., and GLOVER, J., agree.
*Quincey M. Ross*, Legal Aid of Arkansas, Inc., for appellant.
*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Blair Arnold*, for appellee.