

SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–14–1090

|  |  |
|---|---|
| | **Opinion Delivered** September 16, 2015 |
| JOAN TILLMAN BELCHER, SPECIAL ADMINISTRATRIX of THE ESTATE of CORNELIUS TILLMAN, DECEASED APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. 60CV-12-3452] |
| V. | HONORABLE CHRIS PALMER, JUDGE |
| JERRY DENTON APPELLEE | DISMISSED |

## WAYMOND M. BROWN, Judge

Joan Tillman Belcher, Special Adminstratrix of the Estate of Cornelius Tillman, appeals the June 19, 2014 judgment of the Pulaski County Circuit Court finding that Tillman was forty-nine point nine percent (49.9%) at fault in causing his own death and reducing the $7,612 judgment by that percentage. On appeal, appellant argues that: (1) there was no evidence that Tillman was negligent, and, therefore, the issue of his negligence should not have been submitted to the jury; (2) the jury instructions and verdict form given to the jury were improper; and (3) the damages awarded by the jury were insufficient and failed to take into account all elements of the injury proven. We dismiss for lack of a final order.[1]

---

[1]This is the second time this appeal has been before us. In *Belcher v. Denton*, 2015 Ark. App. 270, we ordered rebriefing because appellant's abstract, brief, and addendum did not comply with our rules.

This case arose from a fatal pedestrian collision. Jerry Denton was driving through Wrightsville, Arkansas,[2] at approximately 5:00 a.m. on June 2, 2011, when he fatally struck Tillman. Belcher, as special administratrix of Tillman's estate, brought a negligence action against Denton seeking damages for wrongful death on behalf of the estate and statutory beneficiaries, as well as punitive damages. The jury trial took place on June 10 and June 11, 2014. At the conclusion of the trial, the jury returned a verdict in favor of appellant in the amount of $7,612; however, that amount was to be reduced by 49.9%. The court issued a judgment on the jury verdict on June 19, 2014. Appellant filed a timely notice of appeal on June 20, 2014. Appellant filed a motion for new trial on July 2, 2014; however, the court never ruled on that motion. There was no amended notice of appeal filed.

No party has raised the issue, but whether an order is final for appeal purposes is a jurisdictional point that we must often raise on our own. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil[3] states that an appeal may be taken from a final judgment or decree, absent some exceptions that do not apply. A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy.[4] As a general rule, a judgment or order is not final and appealable if the issue of damages remains to be decided.[5] Absent a final order or a properly executed certificate from the circuit court making an express determination, supported by specific factual findings, that

[2]The accident took place on Arkansas State Highway 365.

[3](2015).

[4]*Prochazka v. Bee-Three Development, LLC*, 2014 Ark. App. 318.

[5]*Foster v. Crawford*, 2014 Ark. App. 251.

there is no just reason for delay, an order that fails to adjudicate all of the parties' claims cannot be appealed.[6]

Here, the judgment appealed from does not dispose of appellant's punitive-damages claim, and there is some question as to if it completely disposes of all of the estate's and beneficiaries' claims. We note that there has been no Rule 54(b) certificate issued. Without a final order or a sufficient Rule 54(b) certificate, we do not have jurisdiction to hear this case and must dismiss this appeal without prejudice.

Dismissed.

ABRAMSON and HARRISON, JJ., agree.

*The Law Offices of Peter Miller, P.A.*, by: *Jessican Virden*, for appelant.

*W. Lee Tucker, PLLC*, by: *W. Lee Tucker*, for appellee.

---

[6]Ark. R. Civ. P. 54(b) (2015).