

# ARKANSAS COURT OF APPEALS

**No.** CV–15–821

| | |
|---|---|
| BOBBY BLACKWELL and BLACKWELL MOVING & DELIVERY, LLC<br>APPELLANTS<br><br>V.<br><br>BROWN'S MOVING AND STORAGE, INC. d/b/a BLUE TRUCK<br>APPELLEE | **OPINION DELIVERED**: SEPTEMBER 28, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION [NO. 60CV-14-119]<br><br>HONORABLE MARY SPENCER MCGOWAN, JUDGE<br><br>DISMISSED; MOTION DENIED |

## PER CURIAM

This appeal stems from a dispute between appellants Bobby Blackwell and Blackwell Moving & Delivery and appellee Brown's Moving and Storage, Inc., d/b/a Blue Truck. The case primarily pertains primarily to the enforceability of, and compliance with, a noncompete covenant. Because this court is without jurisdiction, we dismiss the appeal.

In January 2013, appellee and appellants entered into an asset purchase and sale agreement. The agreement provided that appellee would purchase appellants' assets, phone numbers, name, and goodwill. The agreement also provided for Bobby Blackwell's (Blackwell) employment with appellee for three years and included a covenant not to compete prohibiting appellants from competing, being employed by, or connected with anyone in the moving business in Arkansas for sixty months.

After the agreement had been executed, difficulties arose, and in October 2013 Blackwell stopped working for appellee. It is alleged that, after his employment had ended,

Blackwell contacted his former clients to notify them that he no longer worked for appellee and began to perform work for appellee's clients.

This litigation began on January 10, 2014, when appellee filed a complaint for injunctive and other relief against appellants. Appellee asserted claims for breach of covenant not to compete, breach of employment contract, and breach of contract. It sought temporary and permanent injunctive relief, damages, and attorney's fees. Appellants answered and Blackwell individually counterclaimed for breach of employment contract and breach of contract. Later, appellants amended their counterclaim. In addition to the relief previously asserted, Blackwell sought a declaratory judgment that the noncompete covenant was invalid.

On March 13, 2014, the circuit court entered an order granting a temporary restraining order in appellee's favor. The temporary restraining order prohibited appellants from engaging in the moving business in the State of Arkansas for five years.

On December 11, 2014, appellee filed a motion for order to show cause alleging that appellants had violated the court's temporary restraining order. Blackwell filed a pro se response denying appellee's allegations. The circuit court entered an order to show cause on March 31, 2015.

On June 15, 2015, the circuit court held a hearing to consider the motion to show cause. Following the hearing, the circuit court held Blackwell in contempt of court but reserved sanctions. Additionally, the circuit court converted the temporary restraining order into a permanent injunction. An order memorializing these rulings was entered on June 19, 2015.

2

On July 13, 2015, Blackwell filed a notice of appeal of the court's June 19 order pursuant to Rule 2(a)(1) (2015) of the Arkansas Rules of Appellate Procedure–Civil. Blackwell filed an amended notice of appeal on July 17, 2015. Again, this notice of appeal was from the court's June 19 order and filed pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1).

Briefing of the appeal commenced. In appellants' jurisdictional statement, they provided that this appeal is pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(6). Later, appellants moved to correct their jurisdictional statement in a motion filed with this court on February 1, 2016.[1] In this motion, appellants contend that their appeal is pursuant to Rules 2(a)(1), 2(a)(13), and 2(b)(1) of the Arkansas Rules of Appellate Procedure–Civil. Our review reveals that this appeal must be dismissed because this court is without jurisdiction regardless of whether appellants' motion to correct their jurisdictional statement is granted.

We begin with a discussion of whether the appeal may be properly considered pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(6). This rule states that "[a]n appeal may be taken from . . . [a]n interlocutory order by which an injunction is granted, continued, modified, refused, or dissolved, or by which an application to dissolve or modify an injunction is refused."

Even assuming that the June 19 order was an interlocutory order, we are without jurisdiction to decide the merits of this appeal pursuant to Arkansas Rule of Appellate

---

[1] A ruling on this motion was held in abeyance by this court.

Procedure–Civil 2(a)(6). When an appeal is taken from an interlocutory order, the record must be filed with the clerk of the supreme court within thirty days from the entry of the order. Ark. R. App. P.–Civ. 5(a) (2015). The record was not filed with the clerk of the supreme court until October 9, 2015—well over thirty days from the entry of the June 19 order.

Having made this determination, we turn our attention to appellants' motion to correct their jurisdictional statement. The appellants offer that their corrected jurisdictional statement provides that the appeal is pursuant to 2(a)(1), 2(a)(13), and 2(b)(1) of the Arkansas Rules of Appellate Procedure–Civil. Rule 2(a)(1) provides that "[a]n appeal may be taken from a circuit court . . . from [a] final judgment or decree entered by the circuit court." Rule 2(a)(13) allows for the appeal of "[a] civil or criminal contempt order, which imposes a sanction and constitutes a final disposition of the contempt matter." And Rule 2(b)(1) contemplates that "an appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment."

First, we address whether the June 19 order is a final order such that an appeal pursuant to Rule 2(a)(1) or 2(b)(1) of the Arkansas Rules of Appellate Procedure–Civil is proper. An order is not final when it adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties. *Farrell v. Farrell*, 359 Ark. 1, 193 S.W.3d 734 (2004). It is abundantly clear that the June 19 order is not final for appellate purposes. The June 19 order does not dispose of appellee's breach-of-employment or breach-of-contract claims. Nor does it address appellants' counterclaims for breach of employment or breach of contract. Furthermore, the June 19 order clearly contemplates further action by the

circuit court on the issue of Blackwell's contempt. The order provides that the punishment for contempt is reserved pending the gathering of information. This appeal may not properly be heard pursuant to either Rule 2(a)(1) or Rule 2(b)(1).

Next, we address whether this appeal may be properly brought pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(13). This rule provides that a contempt finding is appealable only when it imposes a sanction and constitutes a final disposition of the contempt matter. Here, the contempt finding clearly reserved sanctions and did not constitute a final disposition of the contempt matter.

For the reasons discussed, we dismiss appellants' appeal and deny the motion to correct jurisdictional statement as moot.

Dismissed; motion denied.

VIRDEN, J., not participating.

*Samuel A. Perroni, Esq.*, for appellants.

*Friday, Eldredge & Clark, LLP*, by: *H. Wayne Young* and *Amanda Fray*, for appellees.