

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–16–184

| | |
|---|---|
| | **OPINION DELIVERED** NOVEMBER 2, 2016 |
| MICHAEL WAYLAND TIPTON<br>APPELLANT | APPEAL FROM THE PERRY COUNTY CIRCUIT COURT [NO. 53DR–15–72] |
| V. | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| PAMELIA KAY TIPTON<br>APPELLEE | APPEAL DISMISSED WITHOUT PREJUDICE |

## ROBERT J. GLADWIN, Chief Judge

Appellant Michael Tipton appeals both the November 16, 2015 divorce decree and the May 26, 2016 order of the Perry County Circuit Court. He argues that the trial court erred (1) in making an unequal distribution of marital land to appellee Pamelia Tipton without considering the factors in Arkansas Code Annotated section 9-12-315(a)(1)(A) (Repl. 2015); (2) in making an unequal distribution of the marital mobile home to Pamelia based on an unsupported factual finding and without considering the factors in section 9-12-315(a)(1)(A); (3) in making an unequal distribution of Pamelia's 401(k) based on the unsupported finding that Michael had a vested retirement account and without considering the factors in section 9-12-315(a)(1)(A); and (4) in ruling that Michael had to pay to retrieve his nonmarital property that Pamelia pawned. We are unable to reach the merits and are required to dismiss the appeal without prejudice for lack of a final, appealable order.

In her complaint for divorce, Pamelia requested spousal support, but the November 16, 2015 divorce decree did not rule on her request. Michael filed a timely notice of appeal on December 4, 2015, and a timely amended notice of appeal on December 14, 2015, which, in addition to changing the name of the document, included a request to designate the transcript from the divorce hearing. His notices of appeal included the phrase "I abandon any pending but unresolved issues I may have in this case," but the issue of Pamelia's spousal-support request was not Michael's to waive. Michael then lodged the record with this court on February 26, 2016.

It was not until May 26, 2016, that the trial court entered an order specifically denying Pamelia's claim for spousal support. Michael did file a timely second amended notice of appeal on June 3, 2016, to include that order; however, he had lodged the record with this court on February 26, 2016, so the trial court had lost jurisdiction to act. *See Myers v. Yingling*, 369 Ark. 87, 89, 251 S.W.3d 287, 290 (2007); *First Tenn. Bank Nat'l Ass'n v. Mortensen*, 2013 Ark. App. 45.

At the time Michael lodged the record, the only order filed by the trial court—the November 16, 2015 divorce decree—did not address the issue of spousal support and therefore was not final because it did not adjudicate all of the claims of all of the parties. *See Blackwell v. Brown's Moving & Storage*, 2016 Ark. App. 451 (per curiam). Arkansas appellate courts have held that the finality rule applies in cases involving the distribution of marital property. *See Morton v. Morton*, 61 Ark. App. 161, 965 S.W.2d 809 (1998). *See also Hernandez v. Hernandez*, 371 Ark. 323, 265 S.W.3d 746 (2007).

To reiterate, although Michael included the "pending but unresolved claims" language in his notice of appeal, the remaining open issue of spousal support was not his to waive. Accordingly, at the time Michael filed his notice of appeal, there was not a final, appealable order, and by the time the trial court attempted to resolve the remaining open issue that would make it a final, appealable order, the trial court had lost jurisdiction to do so because Michael had already lodged the record with this court. We therefore dismiss the appeal without prejudice and remand for the entry of a final order.

Appeal dismissed without prejudice.

ABRAMSON and WHITEAKER, JJ., agree.

*Peel Law Firm, P.A.*, by: *Dustion K. Doty*; and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Branscum Law Offices*, by: *Herby Branscum, Jr.*, and *Elizabeth Branscum Burgess*, for appellee.