

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–13–794

| | |
|---|---|
| SHERYL NORRIS | **Opinion Delivered** SEPTEMBER 3, 2014 |
| APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63PR–09–372] |
| V. | HONORABLE BOBBY McCALLISTER, JUDGE |
| ASHLEY DAVIS | REMANDED FOR SUPPLEMENTATION OF THE |
| APPELLEE | RECORD AND ADDENDUM |

**ROBERT J. GLADWIN, Chief Judge**

Sheryl Norris appeals the Saline County Circuit Court's order of May 23, 2013, dismissing her motion to set aside the April 9, 2010 order of distribution with an attached family settlement agreement (FSA). In her April 3, 2012 motion, Norris alleged that, since the FSA had been approved by the court, she learned that she had relied on false information to enter into the settlement and petitioned the court to set it aside pursuant to Arkansas Rule of Civil Procedure 60 (2013). After a hearing, the circuit court granted appellee Ashley Davis's motion to dismiss, finding that, among other independently sufficient bases, res judicata required dismissal of Norris's petition to vacate the FSA. On appeal, Norris claims that the circuit court erred by granting the dismissal before she received responses to her

discovery requests. However, we do not address her claims, but remand the case for rebriefing.

At issue in this case is the validity of the FSA. However, that agreement is not to be found in the record or addendum. This phase of the litigation began with a motion to set aside an order approving settlement. It is alleged in appellant's motion that the settlement agreement was attached as Exhibit A to the order. The circuit court relied on the FSA in reaching its decision to dismiss Norris's motion. Neither the order nor the settlement agreement allegedly attached thereto is included in the record or addendum.

If anything material to either party is omitted from the record, this court may direct that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e)(2013). Arkansas Supreme Court Rule 4-2(a)(8)(A)(i) (2013) requires that the addendum to appellant's brief include the pleadings on which the circuit court decided each issue, specifically identifying the complaint and answer. Also to be included are all motions, responses, replies, and exhibits. *Id.* Accordingly, we order supplementation of the record and addendum pursuant to Arkansas Supreme Court Rule 4-2(b)(4), and Arkansas Rule of Appellate Procedure–Civil 6(e), giving appellant fifteen calendar days to supplement the record, supplement the addendum, and provide the additional materials from the supplemented record to the members of the appellate court. The pleadings and materials listed herein are not to be taken as an exhaustive list of deficiencies; appellant should carefully review the rules and ensure that no other deficiencies exist.

Remanded for supplementation of the record and addendum.

PITTMAN and WHITEAKER, JJ., agree.

*Dyer and Jones*, by: *F. Parker Jones III*, for appellant.

*Vaughan & Friedman Law Firm, PLLC*, by: *Craig D. Friedman*, for appellee.