

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-15-1058

| | | |
|---|---|---|
| JASON BOYD | APPELLANT | **Opinion Delivered** September 7, 2016 |
| | | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. DR–2014-165] |
| V. | | |
| | | HONORABLE PAMELA HONEYCUTT, JUDGE |
| CANDACE CROCKER | APPELLEE | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD AND TO SUPPLEMENT THE ADDENDUM |

## PHILLIP T. WHITEAKER, Judge

Appellant Jason Boyd appeals the order of the Craighead County Circuit Court imputing income to him and ordering him to pay child support based on that imputed figure. Boyd contends that the circuit court erred as a matter of law in its application of the "net-worth method" of calculating income for a self-employed payor. Because of a minor deficiency in the record of this case, however, we are unable to reach the merits of Boyd's appeal at this time.

Boyd and appellee Candace Crocker were engaged in a relationship that led to the birth of a child, G.B. Crocker filed a petition to establish paternity and visitation, and in response, Boyd admitted that he was G.B.'s father and that he should be ordered to pay a

reasonable amount of child support. The circuit court subsequently entered an agreed temporary order in which it found Boyd to be G.B.'s biological father, granted him visitation, and ordered him to pay $400 per month in child support on a temporary basis. Shortly thereafter, the circuit court entered a modified agreed temporary order; in this order, the court set a more definite visitation schedule and ordered Boyd to continue paying child support; however, because Boyd was seeking joint custody, the court reserved the issues of custody and child support for a final hearing.

At that hearing, the court heard evidence regarding, among other things, Boyd's income sources, bank records, and tax returns. At the conclusion of the hearing, the court asked Crocker's counsel to prepare proposed findings of facts with respect to Boyd's income, after which Boyd would have an opportunity to object before the court issued its written decision. In response, Crocker submitted a "posttrial brief and proposed findings of fact" in which she summarized the evidence of Boyd's bank records and asked the court to find Boyd's income for child-support purposes to be $11,105 per month and set child support at $1,606 per month.

After receiving Crocker's posttrial brief, the circuit court sent a letter to the parties in which it explained that it had actually intended for Crocker to submit an order containing proposed findings of fact, rather than a brief. The court determined, however, that it did not need briefs from the parties on the law; rather, the court had gone ahead and drafted an opinion. The remainder of this letter set forth the court's assessment of the evidence and its reasoning in reaching its conclusions as to Boyd's income for child-support purposes. The

court then asked Crocker to again prepare an order based on the court's rulings. After the court heard Boyd's objections and issued another letter clarifying its earlier rulings, Crocker submitted another precedent. The circuit court signed and entered this order, which found Boyd's income to be $11,105 per month and ordered him to make monthly child-support payments of $1,606. Boyd filed a timely notice of appeal and now contends that the circuit court erred in its application of the "net-worth method" of calculating his income for child-support purposes.

We must, however, order supplementation of the record to address an omission in the circuit court's original letter opinion. That letter, found at pages 79–81 of the record, purports to consist of four pages; however, the second page is missing. The circuit court set out the reasoning behind its decision to use the net-worth method in this letter, and that analysis subsequently formed the basis of the order from which Boyd has appealed. Without knowing the entirety of what the court wrote in this letter, we are unable to satisfactorily determine how the court construed and applied the law, which renders appellate review difficult.

If anything material to either party is omitted from the record, this court may direct that the record be settled and that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e) (2015); *see also Norris v. Davis*, 2014 Ark. App. 435, at 2. Accordingly, we order the record to be settled and supplemented pursuant to Rule 6(e); in addition, we order supplementation of the addendum pursuant to Arkansas Supreme Court Rule 4-2(b)(4). Appellant has fifteen calendar days to settle and supplement the record and supplement the addendum. *See Norris*, *supra*.



Remanded to settle and supplement the record and to supplement the addendum.

KINARD and HIXSON, JJ., agree.

*Bristow & Richardson, PLLC*, by: *Kristofer E. Richardson*, for appellant.

*Tiner, Cobb & Byars*, by: *Kara L. Byars*, for appellee.