Cite as 2022 Ark. App. 93

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-21-116

|  |  |
|---|---|
| | **Opinion Delivered** February 23, 2022 |
| RAIN INVESTMENTS LLC DBA SARACEN CINEMA 8 APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-20-386] |
| V. | HONORABLE ROBERT H. WYATT, JR., JUDGE |
| JAMES VU, THUYTIEN VU, JOHN VU, THERESA VU, AND CAMERON APPRAISAL GROUP, LLC APPELLEES | REMANDED TO SUPPLEMENT THE RECORD AND SUPPLEMENT THE ADDENDUM; REBRIEFING ORDERED |

## LARRY D. VAUGHT, Judge

Rain Investments LLC ("Rain Investments") brings this interlocutory appeal of the

Jefferson County Circuit Court's order granting partial summary judgment in its favor on its

breach-of-contract claim against the appellees, James Vu, Thuytien Vu, John Vu, Theresa Vu,

and Cameron Appraisal Group, LLC (collectively, "the Vus"); denying its request for a default

judgment; denying its request for summary judgment on other claims; and dissolving an

injunction that had prevented the Vus from evicting Rain Investments. Only one issue, the

dissolution of the injunction, is appealable prior to the entry of a final order, and although we

have jurisdiction over that issue, we cannot reach the merits of Rain Investments' arguments

on appeal due to a deficiency in the record and addendum. We therefore remand this case to

supplement the record and addendum, allowing Rain Investments sixty days to submit a record and brief that comply with our rules.

The Vus did not file an appellee's brief or otherwise participate in this appeal, so the following facts have been gleaned from Rain Investments' brief and the record below. Rain Investments and the Vus entered into a lease agreement concerning commercial property located at Pines Mall Drive in Pine Bluff. The Vus provided proof that the property had been operated as a movie theater, and Rain Investments intended to operate it as such.

A dispute arose between the parties regarding the Vus' obligation to perform maintenance pursuant to the lease agreement and to provide a third-party inspection. Rain Investments then spent $18,537.42 to repair problems that it contends the Vus were responsible for under the contract. In response to their dispute, one of the appellees locked Rain Investments out of the property and locked all public access to it, which prevented Rain Investments from conducting business at the location. Rain Investments contends that as a result, it lost revenue of more than $50,000. The Vus also turned off utilities to the property.

Rain Investments then filed suit for breach of contract, tortious interference with business expectancy, violation of the right to quiet enjoyment of the property, and an emergency temporary restraining order and preliminary injunction on May 19, 2020. It also filed an emergency motion for temporary restraining order. The circuit court entered a temporary restraining order on May 20, 2020, which required the Vus to turn on the HVAC and electricity and to ensure that the same was operating properly and to provide Rain Investments with keys and grant it access to the property at will. The Vus failed to comply with the circuit court's order. After Rain Investments demanded and did not receive keys to

2

the building, it contacted police to assist in obtaining keys and access to the property. Thuytien Vu refused to comply, and Rain Investments then filed a motion for contempt.

The circuit court entered a permanent-injunction order on June 4, 2020, requiring the Vus to cease and desist from evicting Rain Investments and from collecting rent directly. It also ordered the Vus to turn on the HVAC and electricity and to ensure that both systems were operating properly. The permanent injunction also required the Vus to give Rain Investments keys to the building that granted it access at will to the theater, the mall, the roof, the storage areas, and all common areas.

Rain Investments filed a motion for default judgment alleging it had perfected service of process of the summons, complaint, and discovery on the Vus and that the Vus had failed to answer. The Vus never filed responses to the motion for default judgment. The circuit court entered an order denying the motion for default judgment.

Rain Investments filed motions for summary judgment. The circuit court entered an order on January 19, 2021, granting Rain Investments summary judgment for its breach-of-contract claims and finding that while the Vus did not appear at the hearing or present any evidence in opposition to Rain Investments' motion for summary judgment, genuine issues of material fact existed for all other allegations. The circuit court set aside the permanent injunction that prevented the Vus from moving forward with the eviction process. The circuit court set aside all previous orders, including findings of contempt.

Rain Investments then filed a motion for clarification and accounting. The circuit court entered an order on February 10, 2021, granting partial summary judgment and denying all

other relief requested, including the motion for default judgment. A notice of appeal was timely filed February 12, 2021.

We have no jurisdiction to hear most of the points raised in this appeal. Rule 2(a) of the Arkansas Rules of Appellate Procedure–Civil states,

> (a) An appeal may be taken from a circuit court to the Arkansas Supreme Court from:
>
> (1) A final judgment or decree entered by the circuit court;
>
> (2) An order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action;
>
> (3) An order which grants or refuses a new trial;
>
> (4) An order which strikes out an answer, or any part of an answer, or any pleading in an action;
>
> (5) An order which vacates or sustains an attachment or garnishment;
>
> (6) An interlocutory order by which an injunction is granted, continued, modified, refused, or dissolved, or by which an application to dissolve or modify an injunction is refused;
>
> (7) An interlocutory order appointing a receiver, or refusing to wind up a pending receivership or to take the appropriate steps to accomplish the purposes thereof, such as directing a sale or other disposal of property held thereunder;
>
> (8) An order which disqualifies an attorney from further participation in the case;
>
> (9) An order granting or denying a motion to certify a case as a class action in accordance with Rule 23 of the Arkansas Rules of Civil Procedure;
>
> (10) An order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official;
>
> (11) An order or other form of decision which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties in a case involving multiple claims, multiple parties, or both, if the circuit court has directed entry of a final judgment as to one or more but fewer than all of the claims or parties and has made an express determination, supported by specific factual findings, that there is no just

reason for delay, and has executed the certificate required by Rule 54(b) of the Rules of Civil Procedure;

(12) An order appealable pursuant to any statute in effect on July 1, 1979, including Ark. Code Ann. § 16-108-228 (formerly § 16-108-219) (an order denying a motion to compel arbitration or granting a motion to stay arbitration, as well as certain other orders regarding arbitration) and section 28-1-116 (all orders in probate cases, except an order removing a fiduciary for failure to give a new bond or render an accounting required by the court or an order appointing a special administrator); and

(13) A civil or criminal contempt order, which imposes a sanction and constitutes the final disposition of the contempt matter.

Ark. R. App. P.–Civ. 2. Rain Investments has appealed from an order that is undisputedly not final—it denied summary judgment on several claims, finding that there were disputed issues of material fact—and which contains determinations that, almost exclusively, do not qualify as appealable matters pursuant to Rule 2(a).

First, the circuit court's partial denial of Rain Investments' request for summary judgment is not eligible for an interlocutory appeal under the rule. Rule 2(a)(10) addresses the appealability of a denial of a motion for summary judgment and allows for such appeals only when the motion was based on an assertion of immunity. No other provision in the rule appears to allow for an interlocutory appeal from the denial of a motion for summary judgment. In fact, we have regularly held that, "[g]enerally, the denial of a motion for summary judgment is neither reviewable nor appealable." *White River Health Sys., Inc. v. Long*, 2018 Ark. App. 284, at 3, 551 S.W.3d 389, 391 (quoting *Ark. Elder Outreach of Little Rock, Inc. v. Thompson*, 2012 Ark. App. 681, at 4, 425 S.W.3d 779, 783).

Similarly, we lack jurisdiction to hear Rain Investments' interlocutory appeal of the denial of its motion for default judgment. Again, this order does not constitute a final, appealable order under Rule 2(a)(1), nor does it qualify for immediate appeal under any other

subsection of Rule 2(a). We have long held that Rule 2 "limits this court's appellate review to final orders in order to avoid piecemeal litigation," *Farrell v. Farrell*, 359 Ark. 1, 4, 193 S.W.3d 734, 736 (2004), and allowing parties such as Rain Investments to take interlocutory appeals of the denial of a motion for default judgment would lead to exactly the kind of inefficient, piecemeal litigation the rule is designed to prevent.

The same analysis applies to Rain Investments' attempt to appeal the denial of its motion for contempt. Under a plain reading of Rule 2(a)(13), only a contempt order that imposes a sanction is appealable. The denial of a contempt motion does not impose a sanction and, therefore, does not qualify.

For the reasons stated above, we lack jurisdiction to address most of Rain Investments' points on appeal. There is one aspect of this appeal, however, over which we do have jurisdiction: the circuit court's order setting aside the injunction that prevented the Vus from evicting Rain Investments. Under Rule 2(a)(6), a party may immediately appeal "[a]n interlocutory order by which an injunction is granted, continued, modified, refused, or dissolved, or by which an application to dissolve or modify an injunction is refused." Rain Investments is appealing the court's dissolution of an injunction, which qualifies under Rule 2(a)(6) as an immediately appealable matter over which we have appellate jurisdiction.

Unfortunately, we cannot reach the merits of Rain Investments' challenge to the dissolution of the injunction because its addendum does not comply with our rules.[1] Prior to

---

[1]Our supreme court has changed the briefing rules for appeals involving an electronic record. *See In re Acceptance of Records on Appeal in Elec. Format and Elimination of the Abstracting and Addendum Requirements*, 2019 Ark. 213 (per curiam) (June 6, 2019); *In re Acceptance of Records on Appeal in Elec. Format and Elimination of the Abstracting and Addendum Requirements*, 2020 Ark. 421 (per curiam) (December 17, 2020). Because the notice of appeal in this case was filed before

the supreme court's recent rule change regarding the use of an electronic record, which is inapplicable in this case, Arkansas Supreme Court Rule 4-2(a)(8) required the inclusion in the addendum of all "documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." Specifically, the rule requires copies of all pleadings to be included in the addendum and states that "[i]f any pleading was amended, the final version and any earlier version incorporated therein shall be included." *Id.*

In the present case, there are several references to an amended complaint in the abstract and in documents in the addendum, such as Rain Investments' motion to reconsider, but the amended complaint does not appear in the record or the addendum. Rain Investments filed a "Notice of Abbreviated Record and Statement of Points" in which it stated that

> Plaintiff would limit the Appellate transcript and record to the Motion for Summary Judgment with the Exhibits thereto, the Motion for Clarification with the Exhibits thereto, the Motion to Compel with the Exhibits thereto, Motion for Contempt with the Exhibits thereto and the transcripts of the hearings on August 10, 2020 and January 15, 2021.

The Vus did not object to the designation of an abbreviated record. Rule 6(c) of the Arkansas Rules of Appellate Procedure–Civil states, "Where parties in good faith abbreviate the record by agreement or without objection from opposing parties, the appellate court shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to appellant and reasonable opportunity to supply the deficiency." The rule goes on to state that

---

June 1, 2021, and Rain Investments did not choose to participate in the electronic-record pilot program that was available at the time, we apply the briefing rules that were applicable to it at the time of filing. *Woodlands Nursing & Ret. Ctr., Inc. v. Dequeen Therapy & Living Ctr., Inc.*, 2021 Ark. App. 70, at 1.

if anything material is omitted from the record by error or accident, the appellate court, on its own initiative, may direct that the omission be corrected and, if necessary, that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e).

Pursuant to Rule 6(c) and (e), we order Rain Investments to supply this court within sixty days of the issuance of this opinion a certified, supplemental record and a supplemental brief and addendum, both of which should include the amended complaint and any other documents relevant to our review of the circuit court's dissolution of the injunction, which is the only issue over which we have appellate jurisdiction. We stress that there may be other necessary items missing from Rain Investments' record and addendum, and we urge Rain Investment to consult our rules to ensure compliance.

Remanded to supplement the record and supplement the addendum; rebriefing ordered.

KLAPPENBACH and BROWN, JJ., agree.

*Law Office of Angela D. Kendrick*, by: *Angela D. Kendrick*, for appellant.

One brief only.