Cite as 2022 Ark. App. 358

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CV-20-305

| | |
|---|---|
| STROUD PRODUCTION, LLC<br><div align="right">APPELLANT</div> | Opinion Delivered September 28, 2022 |
| V. | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CV-14-66] |
| J-LU LTD. CO; J-ROC LTD. CO; PLOUTOS, LLC; SAGELY INVESTMENTS, LLC; KEVIN SCHMIDT; AND MONICA SCHMIDT<br><div align="right">APPELLEES</div> | HONORABLE BRENT HALTOM, JUDGE |
| | REBRIEFING ORDERED |

**RAYMOND R. ABRAMSON, Judge**

Appellant Stroud Production, LLC, owns oil and gas leases in two production units in the Kelly Bayou oil field in far southwest Arkansas. Stroud claims it was not paid proceeds by the former operators of the two oil production units, appellees J-Lu Ltd. Co. ("J-Lu") and Ploutos, LLC ("Ploutos"), and sued both. J-Lu sought damages against Stroud for conversion of equipment and oil in storage. After a bench trial, the circuit court denied most of Stroud's claim, finding that it did not meet its burden of proof. Stroud was awarded $141,414.46 for money held in escrow. The court awarded J-Lu damages against Stroud for oil in storage in the amount of $13,470 and for conversion of equipment in the amount of $362,550. Stroud appealed. We cannot reach the merits of the appeal at this time because of deficiencies in Stroud's addendum. We therefore order rebriefing.

Although electronic filing of appeals is now mandatory for cases in which the notice of appeal was filed on or after June 1, 2021, *see In re Acceptance of Records on Appeal in Elec. Format*, 2020 Ark. 421 (per curiam), the notice of appeal in this case was filed on February 14, 2020. This case is therefore governed by the prior rules and requires an abstract and an addendum. *See id.* The prior rules required that the addendum contain copies of the nontranscript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(8) (2019).

This litigation involves two companion cases. Stroud filed the first suit on December 5, 2013, against Ploutos and J-Lu. This case was assigned docket number 46CV-13-298 in the circuit court. In this suit, Stroud sought to recover oil-production proceeds in the amount of $459,987.62 from J-Lu and Ploutos.

On March 19, 2014, J-Lu and J-Roc Ltd. Co. filed a separate suit against Ploutos; Sagely Investments, LLC; Kevin Schmidt; and Monica Schmidt. This case was assigned docket number 46CV-14-66. This case involved a dispute over expenses and operation of various wells in the Kelly Bayou oil field.

By order entered March 9, 2015, the two cases were consolidated into case number 46CV-14-66, the suit filed by J-Lu and J-Roc.

The problem arises because, as J-Lu points out in its brief, not all the pleadings from both cases are contained in the addendum. Stroud also acknowledges this in its table of contents by indicating that the earlier pleadings, including the original complaint, are not

included, and only the final versions of the pleadings are included in the addendum. The prior version of Rule 4-2(a)(8) required addendums to include complaints, answers, counterclaims, replies to counterclaims, cross-claims, answers to cross-claims, third-party complaints, and answers to third-party complaints. *See Rain Invs. LLC v. Vu*, 2022 Ark. App. 93. This includes all amended versions of these pleadings. *Id.*

Here, there are numerous deficiencies. It appears that pleadings from Stroud's original case are included in the record at pages 1–275. None of these pleadings, however, are included in the addendum. This includes Stroud's original complaint and first amended complaint; J-Lu's motion to strike, answer to complaint, and cross-claims; its first amended cross-claims; and its answer to the first amended complaint and second amended cross-claims. Ploutos's answer to the cross-claims and J-Lu's response to the answer are also missing from the addendum.

The pleadings in the original case filed by J-Lu and J-Roc begin on page 276 of the record with the original complaint. The addendum in the present case begins on page 333 of the record with Ploutos's answer and counterclaim in response to J-Lu and J-Roc's original complaint. However, the complaint to which Ploutos's pleading responds is not in the addendum, and it should be. *See Agrifund, LLC v. Regions Bank*, 2019 Ark. App. 414, at 4–5.

Stroud's motion to intervene, J-Lu's response, Stroud's motion to consolidate the cases, and the order of consolidation are likewise not included in the addendum. They, too, should be in the addendum. Because of the procedural history of this case, we note that these documents would give some important context to the litigation.

This list is not exhaustive. We further encourage appellate counsel, prior to filing the substituted addendum, to review our rules and the substituted addendum to ensure that no additional deficiencies are present.

Because Stroud has failed to comply with our rules, we order it to file a substituted addendum within fifteen days from the date of entry of this order. After service of the substituted addendum, J-Lu and J-Roc shall have seven days to revise or supplement its brief.

Rebriefing ordered.

HARRISON, C.J., agrees.

HIXSON, J., concurs without opinion.

*Jonathan W. Beck*, for appellant.

*Harrelson Law Firm, P.A.*, by: *Steve Harrelson*, for separate appellees J-Lu Ltd. Co. and J-Roc Ltd. Co.